## GODLEY v. HOPKINS.

Where, at the beginning of a course of dealing between a merchant and a planter, it was agreed between the parties that the merchant should, from time to time, make advances of money and goods to the planter to enable him to make crops of rice, and that the planter should deliver the rice as it was produced to the merchant, to be sold by him for the planter's account and the proceeds of the sale applied to the payment of his indebtedness to the merchant, and the balance, if any, turned over to the planter, and that any balance in the merchant's favor, "after the close of said mutual dealings, was to be due and payable on demand," no right of action upon the account for a balance due thereon to the merchant accrued so long as the parties continued to deal with each other under this agreement.

Submitted March 3,—Decided August 9, 1906.

Complaint.　　Before Judge Parker.　　Camden superior court. March 15, 1905.

On September 7, 1904, Godley brought an action against Hop-

kins, to recover the balance of an alleged indebtedness due upon an account, an itemized copy of which was attached to the petition and marked "Exhibit A." The account sued on was very long, and embraced numerous orders, in favor of named persons, filed by the plaintiff and charged to the defendant, and other items of merchandise and cash charged by the plaintiff to the defendant. The first item upon the account was dated February 11, 1898, and the last item charged against the defendant was dated January 22, 1900, but upon it were certain credits, three of which were as follows:

"1898, December 30th, By 253 Bu. Storm Rice, at $1.00..$253.00.
"1900, May 16th, By 911 Bu. Rice, at 65½c. ...........594.29.
            October 15th, To[?] 405½ Bu. Rice, at 67c. ......271.68."

In the original petition it was alleged that the plaintiff, at the request and upon the orders of the defendant, paid out to the various parties named in the account the several amounts set forth opposite their respective names, and sold to the defendant the various items of merchandise and other things set out and itemized in the account. It was further alleged, "That for all the money and other things so advanced at the request and upon the orders" of the defendant, he "verbally promised to pay [the] petitioner upon demand after the close of the mutual account hereinafter more fully referred to." The sixth paragraph of the original petition alleged: "That there were mutual accounts between the plaintiff and the defendant, by virtue of which plaintiff was to handle certain rice for the defendant, and upon the sale thereof to place the net proceeds of the sale of the rice to the credit of defendant as against the indebtedness hereinbefore described." In the seventh paragraph it was alleged: "That in pursuance of said arrangement the said defendant delivered to . . petitioner the specified amounts of rice for which he is given credit in said Exhibit 'A,' which said rice was sold and credit for the proceeds thereof given on the several dates specified in exhibit 'A.'" In the ninth paragraph it was alleged, "that any balance due . . petitioner upon said account after the close of said mutual dealings was to be due and payable upon demand." The defendant demurred generally, and specially upon the ground that the petition showed that the suit was barred by the statute of limitations. Pending the demurrers, the plaintiff, by leave of the court,

amended his petition by striking therefrom the matter contained in paragraph six, and substituting in lieu thereof the following allegations: "That defendant was a rice planter and needed money and other advancements from plaintiff, who was a merchant, in order to make his crops of rice. Thereupon on or about the first day of January, 1898, it was verbally agreed between your petitioner and defendant that petitioner would pay all orders which [might] from time to time be given by defendant to others for labor and other things in connection with the production of the rice, and make such other advances as should be desired by defendant for his personal use while engaged in said rice culture under said arrangement, and charge the same to defendant for payment; and further that as fast as the rice could be produced the same should be delivered to petitioner to be sold for defendant's account and after collecting the proceeds to the net amount thereof (after deducting the cost of milling, handling, freight, commissions, and other expenses necessary to pay others) as a credit upon the account aforesaid, and the residue, if any, to be paid over by plaintiff to defendant. Said agreement contemplated the crop of 1898, and all future crops until otherwise agreed between the parties. Under said agreement the advancements charged, and the sales specified as made, and the rice specified as delivered were accomplished at the several times specified in . . Exhibit 'A.' The delivery of the rice to plaintiff was made by defendant and held until defendant directed the sales at the prices which resulted in the obtainments of net proceeds credited in Exhibit 'A.' Otherwise than as arose by law and implication under said contract and manner of dealing, there was no time specified when any balance due your petitioner after exhausting the net proceeds of the rice should fall due and payable. By virtue of said contract and dealings thereunder, there were mutual obligations and accounts between the parties, by which the defendant became indebted to plaintiff, and plaintiff became obligated and indebted to defendant as in this paragraph, and otherwise in this suit and in Exhibit 'A' described." After the allowance of this amendment, the court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*Harry F. Dunwody,* for plaintiff.

*D. P. Rose* and *J. D. Sparks,* for defendant.

COBB, P. J. It is not contended that there was any merit in the general ground of the demurrer, but counsel for both sides agree, as stated by counsel for defendant in error, that "The question before this court is but a single one, and that is whether said suit, under the allegations made, is barred by the statute of limitation." In our opinion, it does not matter whether the account involved in this case is a "mutual account," within the strict legal meaning of that term, or not. The statute of limitation did not begin to run until the cause of action accrued. Taking the allegations of the petition to be true, the statute did not run upon each item of the account, separately, from its date. The plaintiff made advances to the defendant, to enable him to make his crops of rice, and these advances were to be paid from the sales of rice grown by the defendant and delivered, as fast as it was produced, to the plaintiff for this purpose. And it seems from the petition that the defendant was to deliver the rough, or unmilled, rice to the plaintiff, who was to have it prepared for the market and to hold it until the defendant ordered it sold, and then to sell it and apply the net proceeds thereof to the payment of the account which he held against the defendant. It seems clear from this that it was the intention of the parties that the account should not in any event become due until sufficient time had elapsed for the defendant to grow and harvest the rice, and should not even then become due if the defendant delivered the rice to the plaintiff and chose to exercise his right to direct when it should be sold. This would be true even if the agreement between the parties applied to only one season and one crop of rice. But the petition, as it stood after the amendment, alleged that "said agreement contemplated the crop of 1898 and all future crops until otherwise agreed between the parties." It also alleged that the "defendant verbally promised to pay . . petitioner upon demand after the close of the mutual account;" and further "that any balance due . . petitioner upon said account after the close of said mutual dealings was to be due and payable on demand." Under these allegations, so long as the parties continued to deal with each other under the agreement between them, no cause of action arose in favor of the plaintiff for the recovery of any balance which the defendant might owe him. The status of the account was to be ascertained and settled after the close of the dealings between the parties, and any

balance then found to be owing by defendant to plaintiff was to be due and payable on demand. Until one or the other, or both, saw fit to terminate the arrangement between them, any balance in the account in favor of the plaintiff was not to fall due. The last item charged against the defendant in the account is dated January 22, 1900; and if their dealings with each other under the alleged agreement came to an end on that date, the account would be barred by the statute, as the suit was filed on September 7, 1904, unless a demand were necessary to bring the debt to maturity. But it does not appear from the account that the dealings of the parties with each other, under the alleged agreement, came to an end on that date; for there are two credits on the account, dated respectively May 16, 1900, and October 15, 1900, each for the amount of a designated number of bushels of rice at a stated price per bushel. It does not appear in either instance when the rice was delivered to the plaintiff. If the rice for which credit is given on October 15, 1900, was delivered by the defendant to the plaintiff, in pursuance of the original agreement between them, and, in accordance with that agreement, was held by the plaintiff until the defendant directed it to be sold, then the parties had not ceased to deal with each other under this agreement, until this rice was sold and its net proceeds applied as a credit on the account. And until this was done, the balance which the defendant owed the plaintiff could not be ascertained, and would not be due by the defendant. Again, as it does not appear when this rice was delivered to the plaintiff, it may be that it was delivered prior to January 22, 1900, to be held until defendant ordered it sold, and its proceeds then applied as a payment upon the account, in which case the plaintiff would not have even been in a position to terminate the agreement on that date and bring suit upon his account; for until the rice was sold the amount for which the defendant would be liable upon the account was an unascertainable balance. Taking the allegations of the petition to be true, it did not affirmatively appear upon the face of the proceeding that the account was barred by the statute of limitations; and the court, therefore, erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*