RAMSEY *v.* STREET; *et vice versa.*

ATKINSON, J. In a suit by a tenant in common against her cotenant, for an accounting and for the recovery of her interest in the proceeds derived from the sale of lumber and from the sale of certain lots and parcels of real estate, the petition alleged in substance as follows: By common consent the defendant had maintained actual possession of the land for a number of years, with the understanding that he should manage and control the property and account to the plaintiff for her interest; he had sold certain timber from the lands and had sold certain portions of the land; he had never rendered an accounting but had

continuously recognized plaintiff's right thereto, and had promised to make the same until a short time before the bringing of the suit. *Held*:

1. The petition as amended set forth a cause of action. The grounds of the special demurrer, in so far as meritorious, were met by amendment.

2. On the trial there was evidence to show the facts as alleged in the petition. The statute of limitations did not begin to run until there was a demand for and refusal of a settlement, and the action was not barred by the statute of limitations. *Godley* v. *Hopkins*, 126 *Ga*. 178 (54 S. E. 974); *Greer* v. *Andrew*, 133 *Ga*. 193 (2), 201 (65 S. E. 416); *Garner* v. *Lankford*, 147 *Ga*. 235 (2), 238 (93 S. E. 411), and citations.

3. There is evidence to support the judgment rendered for the plaintiff; and the assignment of error in the cross-bill of exceptions which complains that the evidence demanded a finding for a larger amount is without merit.

*Judgment affirmed on both bills of exceptions. All Justices concur.*

Nos. 1664, 1670. SEPTEMBER 28, 1920.

Equitable petition. Before Judge Tarver. Murray superior court. August 18, 1919.

*W. E. Mann, Gordon Mann,* and *Maddox, McCamy & Shumate,* for Ramsey.

*R. Noel Steed, C. D. McCutchen,* and *F. K. McCutchen,* contra.