James L. Ransom, Plaintiff in Error, *v.* William Winn and Isabella Davis, Administrators of Thomas J. Davis, deceased.

Where a petition is filed in a court of chancery by a creditor, praying to be admitted as a party complainant in a suit then existing, but the nature of the original suit is not made to appear, the proceeding is irregular, and cannot be sustained.

Where a chancery suit involves matters of account, the action of a master should be had in the inferior court, and the items admitted or rejected should be stated, so that exception may be taken to the particular items or class of items, and such a case should be brought before this court on the rulings of the exceptions by the circuit court.

This case was brought up by appeal from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington.

Ransom filed a petition in a cause then pending in the circuit court of the District of Columbia, and all that the record exhibited with respect to said cause was its title, namely :—

William S. Herrman *v.* Isabella Davis and Thomas Winn, administrators, Ignatius T. Davis, Francis R. R. Davis et al., heirs at law of Thomas J. Davis, deceased. In chancery.

But upon what ground Herrman filed a bill against the administrators and heirs of Davis, the record did not show. The subsequent proceedings are stated in the opinion of the court.

It was argued by *Mr. W. S. Cox,* for the appellant, and *Mr. Davis,* for the appellees.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the United States for the District of Columbia.

The proceedings on which the appeal was taken were had on a petition of the appellant, Ransom, in the circuit court of the District, stating that he was the creditor of the intestate for $8,113.48, a balance due on merchandise furnished, and other matters of account. An account was filed with the petition, showing the items charged, and he prayed to be made a party in a suit pending; and he adopts the allegations and prayers of the bill, and calls upon the defendants to answer, &c.

No answer was filed by the defendants, nor does any part of the original bill to which reference is made, or any proceeding in that suit, appear on the record.

An account is stated of the value of produce purchased by Ransom, and forwarded to Thomas J. Davis, and priced as of the 28th May, 1847, which, in the whole, amounted to $31,879.80. The entire expenditure in purchasing the produce, including losses, amounted to the sum of $21,280.43, leaving a profit of $10,599.37. A further account is stated in detail of purchases of grain amounting to a large sum. An auditor was appointed by the court, who, in a long report, states the correspondence between Ransom and Davis, which conduces to show that Ransom was engaged in purchasing wheat and other grain, to be forwarded to Davis, who owned a mill in Georgetown. Exceptions were taken to the report of the auditor, and the court ordered that the cause be again referred to him, with instructions to take such testimony as may be offered by Ransom, on the points mentioned in his affidavit filed in the cause; and that he report to this court, as soon as convenient, the substance of such testimony, and what changes, if any, such additional testimony may render proper in the report heretofore made by said auditor in reference to said claim.

The auditor returned the additional testimony which he took, but made no alteration in his former report. It was admitted in the argument that the estate of Davis was insolvent, and the object of Ransom seemed to be, to enforce his claim against the estate of Davis in preference to other creditors.

From the record, the nature of the suit, in which Ransom prayed to become a party, does not appear. It may have been a suit by other creditors, but no notice is taken of them in the subsequent proceeding, nor is there any pleading except the petition to be made a party. This proceeding is irregular, and cannot be sustained. The exceptions to the report of the auditor were overruled by the circuit court, and the petition of Ransom was dismissed.

Lessee of McCall et al. *v.* Carpenter et al.

Where a chancery suit involves matters of account, the action of a master should be had in the inferior court, and the items admitted or rejected should be stated, so that exception may be taken to the particular items or class of items, and such a case should be brought before this court on the rulings of the excep- tions by the circuit court.

The bill is dismissed at the plaintiff's costs, without prejudice.