JOHN McCAMPBELL v. CHARLES McCLUNG and others.

A report of a Referee that does not state all the items of the account between the parties, will be set aside for vagueness.

This was a CIVIL ACTION, tried before his Honor Judge CANNON, at Fall Term, 1875, of the Superior Court of HAYWOOD County, upon exceptions by plaintiff to the report of referees, to whom it had been referred to take certain accounts.

The plaintiff brought the action for an account and settlement of the partnership matters of the firm composed of plaintiff and the defendants McClung and J. C. Deaderick, and further alleging that the defendant R. V. Deaderick was indebted to the firm.

It is unnecessary, for the understanding of the opinion of the court, to set out all the facts in full.

The referees reported that : * * * " We find that the firm of John McCampbell & Co. received from the sale of mica, and from merchants, and from J. C. Deaderick, the sum of $5,648.09; we find that the company has paid out, by way of disbursements, the sum of $5,608.41 ; amount of receipts over disbursements, $39.48. We find that at the date of the deed of trust, which was the 1st of July, 1874, the company owed a large sum of money to different parties ; of said amount $1,397.16 is due J. C. Deaderick, for money loaned. We also find that, up to the date of the execution of the deed of trust, John McCampbell had drawn out of the company $1,031.34, and that he paid the company $103.25. That Charles McClung had drawn $891.93, and J. C. Deaderick, by R. V. Deaderick, $228, making in all drawn out $2,151.27. We find that of this amount John McCampbell was entitled to three-eighths, which is $806.73 ; McClung to three-eighths, which is $806.73 ; J. C. Deaderick

to two-eighths, which is $537.82. All of which is respectfully submitted," &c.

To this report plaintiff excepted.

I. That, in Item 2d in said account, the referees find the amount of receipts from sales of mica, from merchants, and from J. C. Deaderick, to be the sum of $5,648.09, which the plaintiff says should be : From sales of mica, $3,641.13 ; from merchants, $3,653.52 ; from J. C. Deaderick, $1,753 ; from Tennant & Bros., $250, and from profits on merchandize, $44.96, making a total of $9,342.61.

II. That the account shows a total of disbursements of $5,608.41, leaving the amount of receipts over disbursements of $39.48, when the evidence shows an excess of $3,734.20.

III. That, while the account states on July 1st, 1874, the company owed large sums, and especially to J. C. Deaderick —$1,397.16—it fails to show the amount of such indebtedness, and how provided for, when the evidence shows the indebtedness of the company, including the $1,397.16, was secured by a deed of trust, &c.

IV. That the referees have failed to declare the law upon the facts found by them, and have failed to render a decision upon the whole case of the affairs between the parties.

The court overruled all the exceptions of the plaintiff, and gave judgment for the defendants according to the report.

From which judgment plaintiff appealed.

—— *Ferguson,* for appellant.
*J. H. Merrimon,* contra.

Rodman, J. . The exceptions to the report for vagueness and uncertainty must be sustained. The parties are entitled, from the referee, to a statement of all the items of the account between them, in order that either may, if he thinks proper, except to any particular item.

Exception to the report for vagueness sustained. Judgment below reversed. Case remanded to be proceeded in, &c. Let this opinion be certified. The plaintiff will recover costs in this court.

PER CURIAM.                                    Judgment reversed.