A. S. NIMS, APPELLANT, VS. C. E. NIMS, APPELLEE.

1. When a reference is made to a master to take and state a partnership account, the report should state the account in such manner that the court may judge whether it is correct. It should state the account at length and his findings so that they will be intelligible, and that the court may see the correctness of the master's inferences.

2. A master's report that he finds a balance in favor of a partner in book A, and a balance against him in another book, is not an intelligible statement of an account, showing whether it is correct or not.

3. A stipulation that an order confirming a master's report, no exceptiens having been filed, shall be set aside on the final hearing if it be made to appear that there are grounds of exception to the report; and it appearing that the report is not correct nor intelligible, the order of confirmation should be vacated and exceptions allowed to be filed.

4. On bill filed to dissolve a partnership and for an accounting, the fact of a co-partnership should be decreed before the defendant is required to account.

5. A final decree as between partners ought not to be made until the debts of the concern are ascertained and adjusted.

Appeal from the Circuit Court for Leon county.

This is a bill filed by C. E. Nims against A. S. Nims, alleging a partnership in the business of running a sawmill, and selling lumber. The bill prays a dissolution of the partnership, an accounting and a decree for whatever may be due. The answer in terms denies every material allegation in the bill, but shows facts substantiating the existence of the partnership and insists that there were no profits, but losses, and that nothing is due complainant.

A reference was made to a master to take testimony as to the existence of a partnership and also to take testimony

and take an account of all the transactions of the parties referred to in the pleadings and make report.

The master made a report which was duly filed and no exceptions being filed by either party within one month, under equity rule eighty-four the report stood confirmed, and the cause was set down for a hearing and final determination before the Chancellor on December 28, 1882. On that day it was agreed in writing by the respective solicitors, as follows: " That if at the time set for the hearing the defendant could produce any grounds for a review of the report which would have been good as exceptions thereto had they been filed as such before the report was confirmed, the confirmation of the report should be vacated and both parties permitted to file exceptions, but if no such sufficient grounds were produced, the order confirming the report should stand as final." On the same day the defendant filed a paper which was in the form of exceptions to the report of the master.

The master had reported a large sum due the complainant from defendant, and that a quantity of land, a mill, mules, wagons, carts, &c., were remaining assets of the partnership.

The following is the account as stated in schedule annexed to the report:

General summary of books kept by A. S. Nims—

| | |
|---|---:|
| Book A shows credit to mill...................... ......... | $514.04 |
| Book B shows credit to mill............................... | 4,636.97 |
| Book C shows credit to mill............................... | 969.80 |
| | $6,120.81 |
| Book D shows debit against mill.......................... | 381.44 |
| Total amount to credit of mill........................... | $5,739.37 |
| Edgar Nims' interest in above amount, one-half............ | 2,869.63 |
| Credit by Edgar Nims' account........................... | 1,050.66 |
| Amount due Edgar Nims as shown by above........ ...... | $1,818.97 |

Books kept at the mill by Edgar Nims—
These books show the following :

| | |
|---|---:|
| Amounts charged to Edgar Nims | $2,414.39 |
| Amounts against A. S. Nims | 1,887.74 |
| Balance against Edgar Nims | $526.65 |
| Amount shown by books kept by A. S. Nims due Edgar Nims | 1,818.97 |
| Credit by books kept by Edgar Nims showing this amount against him | 526.65 |
| | $1,292.32 |

Amounts paid by C. E. Nims :

| | |
|---|---:|
| Due bill from A. S. Nims to C. E. Nims, November 1, 1872. | $92.40 |
| Amount paid by C. E. Nims on engine | 200.00 |
| Amount of A. S. Nims' lumber bill paid by C. E. Nims | 607.64 |
| Amount paid A. S. Nims | 100 00 |
| Amount of A. S. Nims' note to C. E. Nims | 300.00 |
| Amount of H. B. Claflin's bill merchandize paid by C. E. Nims | 41.41 |
| Amount of H. B. Claflin's bill merchandize paid by C. E. Nims | 43.54 |
| Amount of Baker & Cohen's bill paid by C. E. Nims | 54.56 |
| Amount of Jack Cauffman & Son's bill paid by C. E. Nims. | 447.00 |
| Amount of Baker & Cohen's bill paid by C. E. Nims | 395.42 |
| | $2,281.97 |
| Amount shown by mill books due C. E. Nims | 1,292.32 |
| | $3,574.29 |

The master reported this sum due from defendant to complainant on account of the partnership transactions and without other statements of account.

The exceptions which the defendant filed and asked to have considered were :

1. That the report is not in conformity to the terms of the order of reference.

2. Because it is not accompanied with an account stated of either the amount of lumber received, delivered or still retained by either of the parties to this suit, or of the amounts of money received or disbursed by either of them.

3. It is not accompanied with an account of debit and credit posted in ledger form from the journals or blotters of the business books of the parties to this suit as is alone customary in the rendition of mercantile accounts.

4. That no account accompanies the report of the assets put into the business in controversy by either or both the partners thereto.

5. The summary statement of balances accompanying said report are in no wise " an account taken or rendered " as puts the true relation of the litigants in an attitude to be comprehended by the court or commented upon by counsel, but is a mere arbitrary statement of assumptions insusceptible of analysis or review.

And other grounds were stated in the proposed exceptions. Wherefore it was urged that the Chancellor ought to return the report to the master with instructions to correct it in form and substance as suggested, and to conform to the order of reference.

On the first day of January, 1883, the Chancellor decreed a dissolution of the partnership, and that the copartnership property be sold.

On the fifth a final decree was made as follows: " This cause came on for final hearing the 5th day of January, 1883, and was argued by counsel, and therefore upon consideration thereof it is ordered, adjudged and decreed:

" First. That the defendant has produced no grounds under the agreement of counsel herein filed on the 28th day of December, 1882, or otherwise, sufficient to entitle him to have the order confirming the master's report in this cause vacated, which was entered under rule 84 of the rules of pleading and practice of this court, and that he shall not be permitted to file exceptions to said report, and that said report be in all things confirmed.

" Second. That the copartnership heretofore existing be-

tween the said plaintiff and defendant be dissolved, and said defendant be enjoined from continuing longer to operate said mill and from selling any lumber which he may now have on hand either at said mill or at the lumber yard at Tallahassee.

"Third. That the plaintiff is entitled to a one-half interest in the following described property reported by said master to belong to the said copartnership, viz: nine mules, two log carts, one one-horse cart, two wagons, the iron mill, engine, boiler and appurtenances thereto belonging, and eight hundred and forty acres of land in Wakulla county, particularly described in a deed accompanying said report, and that one-half of the proceeds of the sale of said property when sold by master in obedience to an order heretofore made in this cause be paid to the plaintiff.

"Fourth. That the defendant do pay to the plaintiff the sum of three thousand five hundred and seventy-four dollars and twenty-nine cents on the 6th day of February, 1883, together with interest until paid, and on failure of his so doing executions do issue against him as at law for the whole of said amount or any balance thereof which may remain unpaid at said date."

The defendant appealed.

*John A. Henderson* for Appellant.

*D. S. Walker, Jr.,* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

The master's report does not state an account in such form that it can be determined from it what amounts were advanced or paid by either party on account of conducting the partnership business or for account of the purchase of the land, machinery, mules, carts, provisions, wages, taxes,

&c., mentioned in the pleadings and as to which testimony was taken; nor does it show what amount of lumber, either by measurement or value, was sold or disposed of by either party, nor how much of it remains on hand in the possession of either party, if any.

The report fails to show what became of the crops of corn, cotton, &c., raised by complainant on the lands of the parties and by the labor of the hands and teams belonging to the parties as alleged in the answer and in regard to which proof was taken, or how the proceeds were disposed of. The report only shows as to the partnership transactions, the differences that appeared between the debit and credit side of the accounts kept by each party with the "mill," with no data whatever by which it can be determined that the books and accounts related to the joint business of the parties, nor what items were allowed or what rejected.

As to the several items of indebtedness of A. S. Nims to C. E. Nims, which had accrued prior to the commencement of the joint business allowed by the master at $2,281.97 against A. S. Nims, there is no charge in the bill of the items comprised in this amount as the basis of a decree or judgment, and the prayer of the bill does not demand judgment upon them. It is merely stated in the bill that the amounts had never been paid by A. S. Nims, for the purpose of showing that he had not been in very prosperous circumstances before this lumber business was entered into between the parties. The report includes the amount as "amounts paid by C. E. Nims," and adds it to the balance due on partnership account. According to the testimony of A. S. Nims, defendant, these items (so far as they are proved, with one or two exceptions,) should have been credited to C. E. Nims in the account, and charged against A. S. Nims, as so much advanced by C. E. Nims on account of

14

the joint business, to be disbursed by A. S. Nims in the purchase of stock, property and supplies for the joint business for which, when disbursed, A. S. Nims had credit in his account against the mill.

One of the items, " amount paid by C. E. Nims on engine, $200," is allowed as indebtedness of A. S. Nims to C. E. Nims. This allowance is wrong on the face of it. It was money paid, according to complainant's statement, on the purchase of an " engine, saw, mill, carriage and boilers," for the use of the joint business. This should be a charge against the partnership concern and not against the defendant.

Further criticism of the report is unnecessary. This report is not intelligible upon its face for the reasons stated, and for other reasons which will appear by an examination of the books and accounts which have been sent up for our inspection and have been examined.

The result of the account should be stated in such manner as to afford the court the means of judging whether it is correct. 2 Dan. Ch., 5th Ed., 1301, n. 2 ; Robertson vs. Baker, 11 Fla., 192 ; June vs. Myers, 12 Fla., 310.

" All parties accounting before a master shall bring in their respective accounts in the form of debtor and creditor." Eq. Rule, 80.

When a report is made upon accounts exhibited to the master such accounts should accompany the report that the court may see the correctness of the master's inferences. Jeffreys vs. Yarborough, 2 Hawks, 307.

The master should state the account at length and all the facts found by him, so that they will be intelligible without reference to the testimony. Herrick vs. Belknap, 27 Vt., 673.

He should state what items are allowed and what disallowed. Reed vs. Jones, 15 Wis., 40.

His report should so present the items that exceptions may be taken to it. Ransom vs. Davis, 18 How., U. S., 295.

The report of a master stating the accounts of a mercantile firm should show whether the partnership resulted in a profit or loss, and to what extent. Zimmerman vs. Huber, 29 Ala., 379; Hicks vs. Chadwell, 1 Tenn., Chy., 251.

This report is not a proper basis of a final decree, because a final decree ought not to be made until the debts of the concern are ascertained and adjusted, (2 Dan'l Chy., 5th Ed., 1250,) unless the partner in advance will deduct the amount of the debts from the amount due him. Tyng vs. Thayer, 8 Allen, 391.

In taking such accounts, the partnership books must, if not successfully impeached by the pleadings and proofs, be taken as *prima facie* correct; and if lost or destroyed the best evidence is proof of their contents. Hicks vs. Chadwell, *supra*.

The foregoing cases are cited in 2 Dan. Chy., 5th Ed., 1301, *n.* 1.

It seems clear from the authorities that under the written agreement of counsel the order confirming the master's report " should be vacated and both parties permitted to file exceptions," it appearing that sufficient grounds were shown " for a review of the report " upon exceptions tendered.

We find in the record no decree that a copartnership existed between the parties.

This was doubtless an inadvertence, as it seems the court finally decreed a dissolution.

The existence of the partnership should be found and decreed before ordering an accounting. " It involves the whole merits of the case, since such a reference can never

be made until the defendant is found by the court to be bound to account, and that is the question to be decided at the hearing." McLin vs. McNamara, 1 Dev. and Bat. Eq., 407, Ruffin, C. J.

The final decree and the decree of January 1, 1883, are reversed and the cause remanded with directions to enter such decree as to the existence of the partnership as may appear to the Chancellor to be warranted by the pleadings and testimony, and thereupon, if a copartnership be found, to refer the other matters in issue to the same or some other competent master for a more complete report upon the testimony already taken, or that further testimony be taken if deemed necessary to a full investigation and understanding of the matters of controversy, and for such further proceedings as may be had in accordance with the rules and practice of the court.