J. M. SHARPE et al v. W. A. ELIASON, Assignee of L. PINKUS.

*Action for Accounting Against Assignee for Benefit of Creditors—Reference—Insufficient Report.*

1. Where, in an action for an accounting against the assignee of an insolvent's estate, a reference is made to ascertain the condition of the estate and the conduct of the business by the assignee, the parties are entitled from the referee to a statement of all the items of the account between them in order that either may, if he thinks proper, except to any particular item ; therefore,

2. Where a referee, in such action, stated in his report that certain property which had been sold belonged to the assigned estate and had been duly accounted for by the assignee; *Held*, that such report was too uncertain in that it failed to state how much was realized from the sale and how it had been accounted for.

ACTION by plaintiffs against W. A. Eliason assignee of L. Pinkus, for an accounting to ascertain the amount with which defendant is chargeable as assignee and for his removal and the appointment of a receiver. From a judgment confirming the report of a referee the plaintiffs appealed. The facts necessary to an understanding of the decision appears in the opinion of Chief Justice FAIRCLOTH.

*Mr. L. C. Caldwell*, for plaintiffs (appellants).
*Messrs. Robbins & Long*, for defendant.

FAIRCLOTH, C. J.: This case was heard on referee's report and one fact found was as follows: "That the blackberries sold Wallace Bros. were part of the effects belonging to the assignment, or became such, and are duly accounted for by the said Eliason as assignee." The plaintiffs except, and say "That said report is vague and uncertain, in that it does not state the amount of money realized for berries sold Wallace Bros. and does not state how the same was accounted for." The other two findings of fact and exceptions thereto present the same question. His Honor overruled these exceptions and gave judgment confirming the report, &c. In this there was error. The reason is, as has been heretofore stated by this Court, that the parties are entitled from the referee to a statement of all the items of the account between them, in order that either may, if he thinks proper, except to any particular item. *McCamp-*

*bell* v. *McClung*, 75 N. C., 393. Exceptions sustained. Cause remanded to be proceeded in, &c.

Judgment Reversed.

FURCHES, J., having been of counsel, did not sit on the hearing of this appeal.