## GREER et al. v. ANDREW.

1. The petition was not open to demurrer for misjoinder of parties, nor for multifariousness.
2. The statute of limitations does not begin to run in favor of one occupying towards another the position of a continuing and confidential agent for the purpose of collecting and taking care of the funds of the latter, his duties being in the nature of those of a steward or factor, and running on from year to year, until such agent has rendered an account, accompanied by an offer to settle, or there has been by the principal a demand for settlement and a refusal by the agent to pay, or there has been such a change in the relations of the parties as would warrant the inference that the confidential agency had in fact ceased.
3. The amendment to the petition, made to meet the special demurrers thereto, and to correct and amplify the allegations thereof, was properly allowed.
4, 5. The overruling of the motion to recommit the report of the auditor was error, for the reasons that he failed to comply with the provisions of Civil Code, §§ 4585, 4587, and also failed to set forth in his report, or therein refer to, any statement of the items which he found in favor of the plaintiff against the defendants, which went to make up the gross sum or sums found against the respective defendants.
6. It is not cause for the dismissal of a cross-bill of exceptions that the certificate of the judge thereto contains, in addition to the recitals usually set forth in the judge's certificate to a bill of exceptions, directions to the clerk not to send to the Supreme Court with the cross-bill certain portions of the record specified in such bill as being material to a clear understanding of the errors complained of, which had already been ordered by the judge to be sent up with the main bill.
7. Since the passage of the practice act of 1895 (Acts 1895, p. 44; Civil Code, § 4965), if the allegations of fact in an equitable petition are duly verified, the defendant must also verify his answer, even though the petition specially waives discovery.
8. Where, however, such a case was referred to an auditor, and the auditor overruled a demurrer to the defendant's answer, based upon the ground that it was not verified, to which ruling the plaintiff filed an exception of law, such answer could be verified by amendment when the case came on for trial upon exceptions to the auditor's report.
9. If an answer to a verified amendment to such a petition should itself be verified, the overruling of a demurrer to the answer, based upon this ground, was harmless error when the answer merely denied the allegations of the amendment to the petition and set up no independent affirmative facts.

Argued November 4, 1908.—Decided August 13, 1909.

Equitable petition. Before Judge Whipple. Ben Hill superior court. April 30, 1908.

On August 7, 1905, Mary O. Andrew, a resident of Indiana, brought an action in the superior court of Irwin county, against

Samuel Greer, a resident of that county, and Frederick R. Greer, a non-resident of the United States. The substance of the petition, as amended, and now material, was briefly as follows: Early in 1898 petitioner and Samuel Greer agreed to purchase, in Fitzgerald, Ga., a suitable location upon which they were to have erected a two-story brick building, the lower story to be used for stores and the upper story as a hotel, each of them to have an equal interest in the property. Accordingly, in February, 1898, Samuel Greer purchased city lots 1 and 2 in square 5 and block 11, in the city of Fitzgerald at the price of $565, petitioner lending him $425 to be applied towards the payment of the purchase-price and to be repaid to her upon final settlement between them. In addition petitioner furnished him $2,000 to be used in the erection of the building upon such lots, which sum, under their agreement, was the amount she was to furnish for a one-half undivided interest in such lots and the building to be erected thereon, he agreeing to pay whatever amount in excess of the $2,000 it might become necessary to expend in the erection of the building. Thereafter petitioner furnished him $1,000 more to be used in the construction of the building, upon his representation of his inability to raise that amount, and upon his agreement to repay petitioner, upon final settlement between them, all sums furnished by her to complete the building, in excess of the $2,000 which she had agreed to pay. With the money thus furnished by petitioner Samuel Greer had the building erected upon such lots, and about February 8, 1898, conveyed to petitioner a one-half undivided interest in the property. Because of the fact that petitioner furnished most of the money for the enterprise, Samuel Greer agreed to personally attend to having the building erected, to rent the same, collect the rents, pay the taxes, have repairs made, and to generally look after and care for the property, without any charge or compensation. Subsequently it appeared that the adjoining lot, number 3, was needed for the purpose of erecting thereon a kitchen for the hotel, and certain outhouses for the use of the tenants of the property, and it was therefore agreed between petitioner and Samuel Greer that such lot should be purchased by them jointly and for their use in connection with the building on the other two lots; and accordingly he, acting for himself and petitioner, purchased lot 3 for $200, of which amount she furnished one-

half, but, contrary to the agreement and without petitioner's knowledge, he took a deed conveying lot 3 to Frederick R. Greer, whom Samuel Greer claimed to be his son. Soon after this lot was purchased a kitchen and outhouses were erected thereon, which have since been used by tenants of the hotel and stores. On June 19, 1898, Samuel Greer executed a deed whereby he purported to convey, for a consideration of $600, a one-half undivided interest in lots 1 and 2 to Frederick R. Greer, and about the same time secured from him an alleged power of attorney to act for him as to all matters pertaining to his interest in the property; and at all times since Samuel Greer has claimed the right to exercise the power alleged to have been so conferred upon him. Frederick R. Greer never paid anything for any of the property; and the conveyance to him of lot 3, as well as the conveyance to him of a one-half interest in lots 1 and 2, and the alleged power of attorney were all executed as part of a fraudulent scheme concocted by Samuel and Frederick R. Greer to deprive petitioner of her interest in lot 3, and to prevent her from subjecting the one-half interest in lots 1 and 2, pretended to have been conveyed to Frederick R. Greer, to the payment of the sums due her by defendants. Samuel Greer has depreciated the rental value of the property by renting the hotel to disreputable tenants, and has in various indirect ways and schemes, as set forth, managed to appropriate the rentals to his personal benefit, and has retained in his hands large sums from the rentals for alleged services in managing the property for petitioner. In 1904 petitioner discovered that Samuel Greer had not dealt fairly and honestly with her in the matter of the purchase of lot 3, and that he was fraudulently withholding from her portions of the rents of the property to which she was entitled. She had previously, May 1, 1903, cancelled and revoked the authority she had given him to act for her, and had then appointed Henry G. Taylor her agent and attorney in fact as to all matters pertaining to the property. Nevertheless Samuel Greer has at all times since claimed the right, as agent of Frederick R. Greer, to exercise absolute and entire control of all the property, and has rented the same without consulting petitioner or her agent, Taylor, collected the rents, and refused upon demand to account to petitioner for any of such rents, or to allow her to have anything to do with the possession or control of the property. Both the hotel

and storerooms have been almost continuously occupied by tenants since the building was completed, and the reasonable rental value of the whole building has been $100 per month. Samuel Greer claimed to have used about $3,200.00 in the erection of the building, but refused on demand to furnish petitioner with any evidence showing the amount so expended, and petitioner charges that the actual cost did not exceed $2,500.00. No part of the money advanced or loaned by petitioner to Samuel Greer has been repaid. Samuel Greer is insolvent. He is seeking to sell lot 3 and the one-half interest in lots 1 and 2 alleged to belong to Frederick R. Greer; and if such sales should be made to innocent purchasers, petitioner would lose her interest in lot 3 and be deprived of her right to subject his one-half interest in the other two lots to the payment of the amount due her by defendants, which is $2,500. Discovery was expressly waived. The prayers were: for injunction restraining defendants from selling, conveying, or incumbering any of the property; for appointment of a receiver; for an accounting by the defendants; for judgment against defendants for $2,500, or for such sum as might be found to be due her by them; that Frederick R. Greer be decreed to convey to petitioner a one-half undivided interest in lot 3, and that title to such an interest be decreed to vest in her; that she be decreed to have a lien upon the moneys in the hands of the receiver, belonging to the defendants, or either of them, to satisfy any judgment she should obtain against them; that a sale of the property be had by the receiver and a division of the proceeds be made according to the respective interests of the parties; that petitioner have a lien on that part due defendants or either of them, to satisfy so much of any judgment obtained against them or either of them as may not be satisfied from the rentals due defendants or either of them, and for general relief and process.

Each of the defendants filed a demurrer to the petition. The grounds of the demurrers necessary to be stated here were: (*a*) Misjoinder of parties defendant. (*b*) Multifariousness. (*c*) Statute of limitations, because it appears that the alleged rights sought to be enforced accrued more than four years before the filing of the petition. Both defendants answered the petition. denying most of the material allegations thereof, and particularly denying all allegations of fraud, conspiracy, and collusion, and that

Frederick R. Greer had not paid for the property conveyed to him, denying the insolvency of Samuel Greer, and that he had failed and refused to account to petitioner for all that was due her, and alleging that neither of the defendants owed her anything. The case was referred to an auditor, with full power to allow or disallow amendments to the pleadings, to hear evidence and to determine all the issues involved. One of the amendments to the petition was offered at the hearing before the auditor and allowed by him, over objections urged thereto by defendants. The auditor overruled the demurrers to the petition, and also overruled a demurrer filed by the petitioner to the answer of Frederick R. Greer, on the ground that the same was not verified. The auditor filed his report, and, under the head of "Findings of Law," he stated: "(1st.) I have already this date filed a true and correct report of the evidence, which is hereto attached, in which appears all of the motions made by counsel in the case in reference to the admissibility and non-admissibility of the testimony, all objections being noted therein and the rulings of the Auditor thereon being therein stated." Under the head of "Findings of Fact," he stated: "(8th.) I find for the plaintiff against the defendant, Samuel Greer, for the sum of $2,073.04, and I find that the plaintiff have a lien against the undivided half interest of said Frederick R. Greer in said lots of land, one, two, and three, in square five and block eleven, for said sum, and that of said sum I find that the defendant Frederick R. Greer is jointly liable to the plaintiff with said defendant Samuel Greer for the sum of $1,023.04, and that said plaintiff have a lien as against both defendants for this amount upon the undivided one-half interest of said Frederick R. Greer in and to the lands aforesaid. Wherefore I find that the plaintiff do have and recover of both of said defendants, jointly and severally, the sum of $1,-023.04, and that in addition to said sum said plaintiff recover of the defendant, Samuel Greer, $1,050.00, the total amount herein awarded being $2,073.04, and that for the said amount plaintiff have judgment and a lien on the undivided half interest of said Frederick R. Greer in the lands aforesaid." "(11th.) The findings herein made include all matters and items involved in said case up to and until the date of the filing of said petition; the findings aforesaid against the defendants do not undertake to dispose of the amount of rents and profits collected by the receiver,

and those amounts were not included in arriving at the amounts herein stated." No statement of account was made in the report or referred to therein, and there was nothing in the report, or in any statement attached thereto, showing what items went to make up either of the sums found by the auditor, one being against both defendants, and the other and larger one, which included the smaller amount, being against Samuel Greer. The defendants filed various exceptions of law and exceptions of fact to the report, one of the exceptions of law being as follows: "Because the auditor failed to make an accurate report of all motions made before him and of his rulings thereon, as required by sections 4585 and 4587 of the Code of Georgia but in lieu of making any separate report, as is required and contemplated under that section of the Code, the auditor has made his rulings upon such motions, and upon the objections to the evidence, in the brief of evidence itself; so that, in lieu of having a separate report of the rulings of said auditor, it is necessary to go through the entire stenographic report of the evidence, including questions and answers, objections of counsel, and other matter irrelevant and superfluous so far as concerns any ruling of the court, said brief of evidence consisting of 604 typewritten pages, all of which must be carefully gone through in order to find the rulings of the auditor, so that the aim and purpose of the auditor's act is defeated, and the report thus made by the said auditor is not in compliance with said sections of the code." Defendants also excepted to the 8th paragraph of the auditor's "Findings of Fact," hereinbefore quoted, upon the following grounds, among others: "(2) The said finding of the auditor is too vague and indefinite, in that it fails to embrace any finding of fact, except a general conclusion in the nature of a verdict, as to the amounts thus found by the auditor, and no specific items or figures are given upon which to base said general conclusion, and no basis is given for the calculations so as to show how the said judgment was arrived at. (3) The said finding is fatally defective, because there is not therein, nor elsewhere in the report of the auditor, a recasting or restatement of the account between plaintiff and defendant Samuel Greer, so as to show the figures and items upon which the conclusion of the auditor is based." Other exceptions of the defendants to the report will be indicated as they are dealt with in the opinion. The petitioner excepted

to the ruling of the auditor overruling the demurrer to the answer of Frederick R. Greer. When the case came on for a hearing before the judge of the superior court, the defendants moved to recommit the report to the auditor, upon the same grounds, among others, as set forth in the above-quoted exceptions to the report. The court overruled this motion, overruled all exceptions to the report, and entered up a decree in accordance therewith. Defendants sued out a writ of error, in which they excepted to the overruling of their motion to recommit and the overruling of their exceptions to the report; and the plaintiff, by cross-bill, excepted to the overruling of the demurrer to the answer of Frederick R. Greer.

*Haygood & Cutts* and *Crovatt & Whitfield,* for Greer et al.

*L. Kennedy,* contra.

FISH, C. J. (After stating the facts.)

1. Although the exceptions of the defendants to the auditor's report go to the overruling by him of each ground of their respective demurrers, it is only necessary for this court to deal with the overruling of such grounds as are referred to in the brief of counsel for plaintiffs in error, and these grounds are set forth in the above statement of facts. It is clear, we think, that the petition was not open to demurrer on the ground of misjoinder of parties defendant, nor upon the ground of multifariousness. While distinct and separate claims of or against different persons can not be joined in the same action (Civil Code, §4938), a petition which charges the defendants with having combined and conspired together to commit some wrong, especially a fraud, on the plaintiff, is not open to attack for multifariousness, all the parties defendant being joint wrong-doers. See cases cited in 9 Michie's Dig. Ga. Rep. 475. It was ruled in *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97), that a petition was not multifarious, though it concerned things of different natures against several defendants, whose rights were distinct, if it set forth one connected interest among them all, centering in the point in issue in the cause. In the present case there was a common connection of the alleged acts of the two defendants with the plaintiff's property, that is, her interest in lot 3 and, to some extent at least, her interest in the rents and profits of all the property, which afforded one general right to equitable relief. See cases cited in *Conley* v. *Buck,* supra. Moreover, the petition alleged, in effect, that Samuel Greer was largely

indebted to the petitioner, and was insolvent; and that, for the fraudulent purpose of preventing his interest in lots 1 and 2 from being subjected to such indebtedness, he conveyed such interest to Frederick R. Greer, who was not a bona fide purchaser for value and without notice, but really participated in the fraudulent intention of Samuel Greer. Therefore, in view of such allegations, it was necessary to make both Samuel Greer and Frederick R. Greer parties defendant, in order to have such fraudulent conveyances set aside and the property therein conveyed subjected to the indebtedness due by Samuel Greer to petitioner; and the mere fact that one or the other of the defendants might be subject to distinct liabilities in respect to different branches of the subject-matter of the action would not render the petition objectionable on the ground of multifariousness or misjoinder of parties. *Conley* v. *Buck*, supra, and authorities there cited.

2. It does not appear from the petition that the cause of action was barred at the time the suit was instituted. In *Teasley* v. *Bradley*, 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113), it was held: "The statute of limitations does not begin to run in favor of one occupying towards another the position of a continuing and confidential agent for the purpose of collecting, investing, and taking care of the funds of the latter, his duties as to the same being, in substance, those of a steward or factor, and running on from year to year, until such agent has rendered an account, accompanied by an offer to settle, or there has been by the principal a demand for a settlement and a refusal to pay by the agent, or there has been an express repudiation of the agency, or until there has been such a change in the relations of the parties as would warrant the inference that the confidential agency had in fact ceased. In the latter event the law would presume a demand after the lapse of a reasonable time, and from such time the statute would begin to run." According to the allegations of the petition, Samuel Greer was the confidential agent of petitioner as to the property referred to in the petition, and it was alleged that there had never been any accounting by him in reference thereto, nor any demand for an accounting or termination of such agency until within four years before the filing of the suit. It was also alleged that the sums of money claimed to have been loaned by petitioner to Samuel Greer were to be repaid to her by him upon a final settlement between

them, and it does not appear that there ever had been such a settlement, or any demand for one by the petitioner, prior to the institution of this suit. Therefore the auditor correctly overruled the ground of demurrer that it appeared from the petition that the action was barred by the statute of limitations.

3. The auditor did not err in allowing the amendment to plaintiff's petition, offered on June 21, 1906. This amendment, in order to meet special demurrers to the original petition, set forth the dates of the discovery by petitioner of the alleged fraudulent acts of Samuel Greer, the revocation of his agency, the appointment of Taylor to succeed him as petitioner's agent; and also made it clear that the allegation in the original petition as to the reasonable value of the storerooms referred to the reasonable monthly value of each of these rooms since the completion of the building. It further set forth corrections as to the alleged agreement between petitioner and Samuel Greer in reference to the property referred to in the petition, and specially set out the agreement between them under the terms of which Samuel Greer was to purchase lot 3 for the joint benefit of himself and petitioner, to be used in connection with the other property, and that she at the time paid to him one half of the purchase-price of such lot, and contained a prayer that it be decreed that she was the owner of a one-half interest in the same. The objections to this amendment were: that the matters set forth therein were immaterial and irrelevant; that the claims therein set forth appeared to be barred by the statute of limitations; and that the alleged agreement set out in reference to lot 3 appeared to be in parol, and was therefore void under the statute of frauds. These objections were without merit. The matters set out in the amendment were certainly not irrelevant. We have already dealt with the point as to the statute of limitations; and as it was alleged that the petitioner had fully complied with her part of the agreement in reference to the purchase of lot 3, by advancing to Samuel Greer one half of the amount of the purchase-price thereof, the contract was clearly placed without the provisions of the statute of frauds, the more especially when taken in connection with the allegations as to the fraudulent acts of Samuel Greer in reference to this lot 3.

4. The judge of the superior court erred in not recommitting the report to the auditor. With reference to the duties of auditors,

the Civil Code provides as follows: "The auditor shall make an accurate report of all motions made before him and of his rulings thereon, and reduce to writing a brief of the oral and documentary evidence submitted by the parties." §4585. "After hearing the evidence and argument, the auditor shall file the evidence and a report, in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and the facts." §4587. The report of the auditor was clearly in violation of these provisions of the code; for, instead of making an accurate report of motions made before him and of his rulings thereon, clearly and separately stating them and also classifying them, he merely stated in his report that he had filed a brief of the evidence in the case, in which would be found all of the motions as to the admissibility or non-admissibility of evidence, the objections raised, and his rulings thereon. So that parties desiring to except to the rulings made by the auditor during the progress of the hearing before him, as certified to by him, and the court or courts which might thereafter be called upon to pass upon such exceptions would have to search through a brief of evidence, interspersed with motions and objections of counsel and the rulings of the auditor thereon, consisting in this case of more than six hundred typewritten pages, in order to ascertain what questions were raised by the motions and objections before the auditor and what were his rulings upon the same. Neither counsel nor the courts should be thus required to examine a brief of evidence, which may, as in this case, be exceedingly voluminous, and search out therefrom the various questions raised during the hearing before the auditor and his rulings thereon. The above-quoted sections of the Civil Code evidently not only contemplate that the auditor shall file two documents, one being his report and the other the brief of the evidence in the case, but that they shall be separate and distinct; and it is in the report, and not the brief of evidence, that "he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and the facts." We think this is clear from the provisions that he "shall make an accurate report of all motions made before him and of his rulings thereon, and reduce to writing a brief of the oral and documentary evidence submitted by the parties;" and "shall file the evidence and a report, in which [that is,

the report] he shall clearly and separately state all rulings made by him." Of course, we do not mean to hold that there may not be a mere physical connection between the report and the brief of the evidence. They may be fastened together and thus filed, but they should be separate and distinct documents, so that the report will of itself, without recourse to the brief of evidence, show what rulings were made by the auditor during the hearing of the case.

5. Another ground of the motion to recommit the report was, that the auditor failed to set forth in his report any statement of the items which he found in favor of the plaintiff against defendants, which went to make up the sum or sums which he found in favor of the plaintiff against the respective defendants. This ground was well taken. Nowhere in the report does anything appear going to show how the auditor arrived at the gross amounts which he found the defendants respectively were indebted to the plaintiff, and it was therefore impossible for either party, desiring to except to the gross amounts so found, to ascertain from the report what items or claims were allowed or disallowed by the auditor. To show the difficulties confronting parties desiring to except to the auditor's findings as to the indebtedness due by defendants to plaintiff, and the necessity for specific findings by him upon each item of alleged indebtedness and a statement of the true state of the account between the parties as found by him, we will call attention to some of the elements of uncertainty involved in the auditor's findings of mere gross amounts against the defendants, respectively, unaccompanied with any findings as to specific items claimed or any detailed statement of the accounts as found by him. The plaintiff claimed that Samuel Greer was indebted to her $425 for money loaned by her to him, to be used in paying the balance of the purchase-money for lots 1 and 2. She also claimed that he was indebted to her $1,000 for money loaned by her to him, at another time, to be used in the construction of the building on these lots. She further claimed that he was indebted to her for her proportionate share of the rents arising from the improved property, collected by him as her agent, for which he failed to account to her, the amount of which she was, under the circumstances, unable to definitely state. Did the auditor find, in whole or in part, in favor of the plaintiff's claim for $425 loaned to Samuel Greer to purchase these lots? If he found anything for

the plaintiff upon this claim, how much was it? Did he find, in whole or in part, in favor of the plaintiff upon her claim for $1,000 loaned to Samuel Greer for the purpose of enabling him to pay his part of the cost of the construction of the building? How much, if anything, did he find on this claim? How much did he find that Samuel Greer was indebted to plaintiff for rents collected for 'her and not accounted for by him? The auditor found $2,073.04 against Samuel Greer; how much of this was for money loaned and how much for rents collected for plaintiff and withheld from her? What were the items of indebtedness for which the auditor found Frederick R. Greer liable? If he found the whole of the item of $425 and the whole of the item of $1,000, claimed by plaintiff against Samuel Greer, in plaintiff's favor, then he found that Samuel Greer was indebted to the plaintiff $1,425 for money loaned. This sum subtracted from $2,073.04, the gross amount found against Samuel Greer, would leave only $648.04. Yet the auditor found that Frederick R. Greer was jointly responsible with Samuel Greer for $1,023.04 of the total sum of $2,073.04 for which Samuel Greer was liable; but there was nothing in the petition which showed that plaintiff claimed that Frederick R. Greer was responsible to her for any part of the money which she loaned to Samuel Greer. So that, if of the sum of $2,073.04 found against Samuel Greer $1,425 was found upon the claims for money loaned, Frederick R. Greer could not have been jointly liable for $1,023.04 of the gross sum above stated. This would tend to indicate that the auditor did not find that plaintiff was entitled to recover against Samuel Greer the full amounts which she claimed for money loaned him. It is even conceivable, looking to the auditor's report alone, that he did not find anything whatever in her favor on either of these claims; but found the whole gross sum against Samuel Greer for rents and profits received by him from the property for which he should, but had failed, to account to the plaintiff. But no one can tell from the mere bald statement by the auditor that he finds for the plaintiff $2,073.04 against Samuel Greer, and that of this amount he finds $1,023.04 against Frederick R. Greer also, how he reached these conclusions. As said by Mr. Justice Lamar, in *Weldon* v. *Hudson,* 120 *Ga.* 699, 702 (48 S. E. 130), "Cases are referred to auditors because they involve complicated matters, . . often-

times accounts, with the necessity of making careful calculations. In these accountings each item may be the subject-matter of dispute and controversy, and the one case may involve many important special issues. The reason why it is not submitted to a jury in the first instance is because of the necessity of having some officer unravel the tangle and make a report which will assist the trial judge and enable him to dispose of the matter without unnecessary consumption of the time of the country and the interruption of the other business which is of a character that can not be thus disposed of." "A master's report should show in what way he arrived at his conclusion, so as to enable the court to ascertain from the report itself whether his method was right or not, especially in a case where more than a simple computation of the amount due is necessary [Frazier v. Swain, 36 N. J. Eq. 156; Moore v. Huntington, 17 Wall. 417 (21 L. ed. 642); Robertson v. Baker, 11 Fla. 192; June v. Myers, 12 Fla. 310]; and when a report is made upon accounts exhibited to the master, such accounts should accompany the report, that the court may see the correctness of the master's inference. [Jeffrey v. Yarborough, 2 Hawks, 307.] The master should state the account at length and all the facts found by him, so that they will be intelligble without reference to the testimony. [Herrick v. Belknap, 27 Vt. 673.] He should state what items are allowed and what disallowed [Reed v. Jones, 15 Wis. 40; Morris v. Peckham, 51 Conn. 128; see also Patterson v. Kellogg, 53 Conn. 38 (22 Atl. 1096)], and so present them that they may be pointed out by exceptions to the report. [Ransom v. Davis, 18 How. 295 (15 L. ed. 388); Zimmerman v. Huber, 29 Ala. 379; Hicks v. Chadwell, 1 Tenn. Ch. 251; Nims v. Nims, 20 Fla. 204; Farwell v. Huling, 132 Ill. 112 (23 N. E. 438.)]" 2 Beach, Eq. Prac. §696. In Dewing v. Hutton, 40 W. Va. 521 (21 S. E. 780), it was held: "When a commissioner to whom a cause is referred to settle large and intricate matters of account, containing many contested items, returns a report showing only an aggregation of items in accordance with his conclusions, and the report is excepted to for this reason, and the circuit court overrules such exceptions and confirms the report, on appeal this court will reverse the decree of confirmation, and remand the cause, that a proper itemized statement of such accounts may be made." Referring to such exception, it was said, in the opinion delivered in

that case, "This exception should have been sustained, and the report recommitted, with direction to the commissioner to make an itemized statement, showing item by item the credits, debits, and all sums disallowed. In no other way can the court examine and pass upon such report, unless it accept as a finality the action of its commissioner. Such, however, is not the law. A commissioner is intended to aid the court. This court has no such officer, and when this duty has not been properly performed, there is no alternative but to reverse the case, and send it back to be recommitted. To pursue any other course would be to try the whole controversy de novo, impose on this court the duties of the commissioner, and the determination of the litigation as in a court of original, instead of appellate jurisdiction." It was held in Park *v*. Mighell, 3 Wash. 737 (29 Pac. 556), that the referee should not find simply that the plaintiff is entitled to a certain amount, but should state clearly the items he allowed for or against each party. To the same effect are the rulings in Hurdle *v*. Leath, 63 N. C. 366; O'Neill *v*. Perryman, 102 Ala. 522 (14 So. 898); Green *v*. Lanier, 5 Heisk. 662; Gage *v*. Arndt, 121 Ill. 491 (13 N. E. 138); Sharpe *v*. Eliason, 116 N. C. 665 (21 S. E. 401).

Counsel for defendant in error cites *Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951), as laying down a different rule from that above announced. The first headnote of that case is as follows: "While the report of the auditor was concise and brief, it appears to embrace findings upon all of the material issues made by the pleadings; and it has not been made to appear that there was any error in refusing to recommit the report on the ground that the same was too indefinite and did not cover the issues involved." The plaintiff in that case contended that there had been a partnership betwen him and the defendant for the buying and selling of live stock and tan-bark and the conducting of a livery-stable business, and that the defendant was indebted to him upon an accounting of the partnership matters. The defendant denied the alleged partnership, and denied that he was indebted to the plaintiff in any amount, and claimed that the plaintiff was indebted to him in stated sums upon notes and accounts, for which judgment was prayed. The case was referred to an auditor, who found that there was no partnership, and that, upon an accounting between the parties, growing out of the various transactions, the defendant was

not indebted to the plaintiff, but plaintiff was indebted to defendant the amounts claimed on the notes referred to in the answer and a given amount on the account, but less than that claimed in the answer. We have examined the record of that case, on file in this court; and while it appears therefrom that the auditor did not set forth the calculations by which he reached the results stated in his findings, and there were no distinct findings as to the various amounts which went to make up the aggregate amount found by the auditor, still the auditor made a distinct finding that the item of $99 charged in defendant's expense account was an improper charge, and also found that the defendant was not entitled to the sum of $100 which he had charged in his account for pasturage; and this court said that as the report seemed to cover all of the material issues made by the pleadings, the judge of the superior court did not err in refusing to recommit the report. The findings of the auditor in that case went more into detail as to the amount that plaintiff was indebted to defendant than the auditor in the present case did in reference to what items went to make up the amount of indebtedness he found in favor of the plaintiff against Samuel Greer or that which he found against Frederick R. Greer; for, in the case in hand, the auditor referred to no item of indebtedness whatever as being embraced in his general, gross finding against either defendant. The ruling in *Fowler* v. *Davis* on this question went to the extreme limit, and certainly should not be extended.

6. Counsel for plaintiffs in error moved to dismiss the cross-bill of exceptions. With reference to this motion it is only necessary to say, that it is not cause for the dismissal of a cross-bill of exceptions that the certificate of the judge thereto contains, in addition to the recitals usually set forth in the judge's certificate to a bill of exceptions, a direction to the clerk not to send to the Supreme Court certain portions of the record specified in the cross-bill as being material to a clear understanding of the errors complained of, which had already been ordered by the judge to be sent up with the main bill.

7. In the cross-bill of exceptions error was assigned upon the overruling of plaintiff's exception of law to the auditor's report, that the auditor erred in overruling plaintiff's demurrer to the original answer of Frederick R. Greer, the ground of the demurrer

being that such answer was not verified. The original petition was verified, and so were the amendments thereto, and discovery was specially waived in the original petition. It is true that in Civil Code, §5056, it is declared that, "If discovery is specially disclaimed in equitable petitions, the defendant need not verify his answer." However, under the practice act of 1895 (Acts 1895, p. 44, Civil Code, §4965), "In all cases where the plaintiff files a petition with an affidavit that the facts stated are true to the best of his knowledge and belief, the defendant shall likewise verify any plea or answer." Section 5055 is to the same effect. In *Ray* v. *Home etc. Co.,* 106 *Ga.* 492 (32 S. E. 603), it was held: "Prior to the practice act of 1895 (Civil Code, §5055), when an equitable petition expressly waived discovery, an answer to the same was not required to be verified by affidavit, although the petition was so verified." It was, therefore, in effect, held that since the passage of such act a different rule prevails. In *Rodgers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95), and in *Neal* v. *Davis Foundry etc. Works,* 131 *Ga.* 701 (63 S. E. 221), it was held that where a petition is verified, the answer must also be verified. It follows that the auditor erred in refusing to sustain the demurrer to the original answer of Frederick R. Greer, and that the judge of the superior court also erred in not sustaining the plaintiff's exception to the ruling of the auditor.

8. It appears, however, that when the case came on for trial in the superior court, on the exceptions to the auditor's report, counsel for Frederick R. Greer offered to amend his original answer by his affidavit verifying the same, and requested the court that such amendment to the answer be allowed. Such request was denied, and this ruling was assigned for error by Frederick R. Greer in the main bill of exceptions. In *Neal* v. *Davis Foundry etc. Works,* supra, it was held, that an omission to verify the answer is curable, and on proper application the presiding judge should allow the verification to be added, even after the first term, citing numerous decisions of this court. See also *Cureton* v. *Cureton,* 120 *Ga.* 559 (48 S. E. 162); *Sterling Electric Co.* v. *Augusta Telephone etc. Co.,* 124 *Ga.* 371 (52 S. E. 541); *McConnell* v. *Stubbs,* 124 *Ga.* 1038 (53 S. E. 698). It follows that the refusal to allow the omission to verify the original answer to be cured by proper verification upon the trial in the superior court was error.

9. The cross-bill also assigned error upon the overruling of plaintiff's exception to the report, that the auditor erred in overruling her demurrer to the answer of Frederick R. Greer to a verified amendment to the petition, the ground of the demurrer being that such answer was not verified. Some of the members of this court are of the opinion that it was unnecessary to swear to the answer to the amendment, while others are of the opinion that it should have been sworn to; but all concur in the opinion that the refusal of the auditor to strike this answer because not verified, such answer merely denying the allegations of the amendment to the petition and setting up no affirmative facts, is not cause for a reversal of the ruling of the trial court upon this exception to the auditor's report.

We have not, of course, passed on all of the assignments of error based on various exceptions to the auditor's report, for the reason that many of them were dependent upon the evidence submitted to the auditor and may be materially affected by questions as to the correctness of his rulings as to the admission or the rejection of evidence, which rulings were not presented in his report, but were, according to his statement in the report, to be found scattered through the very voluminous report of evidence, and consequently were not before the trial judge in such form as to enable him to intelligently pass upon them. After the report has been recommitted and another report made in accordance with the rulings we have announced, all parties will be at liberty to make such proper exceptions thereto as they may see fit, save as to such questions as have been herein determined.

*Judgment reversed on both the main and the cross-bill of exceptions. All the Justices concur.*