[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
One of the defendants in this action, City of New Haven, has filed a Motion for Summary Judgment against the plaintiff.
Count two of the complaint alleges that the plaintiff was issued a food license by the City's Director of Health. In reliance on said license, the plaintiff signed a five year lease. Subsequently, the license was revoked. The plaintiff had to either close the store or suffer fines and/or imprisonment if the CT Page 125 City's order was violated. The City concedes, that the license was issued in error.
In count three, the plaintiff claims negligence on the part of the City, in that it did not have competent or knowledgeable employees. The plaintiff claims immunity under Connecticut General Statutes 52-557n (a)(1)(A) and (B).
The City claims that there are no genuine issues of fact and that the plaintiff's claims are barred by the statute and the common law doctrine of governmental immunity.
Summary judgment may be rendered by the trial court if the pleadings, affidavits and any other proof submitted show no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). Practice Book, Sec. 384 (1978). The burden of proof is on the moving party to show the absence of any genuine issue as to all material facts. Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985). It is the role of the trial court not to decide issues of fact but only whether any such issues exist. Telesco v. Telesco, 182 Conn. 715, 715
(1982). Material facts are defined by the court as those facts which will make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979).
The defendant contends that the issuance of a food service license is a public duty which involves the police power of the municipality. Further, that the granting or denial of the license is directly related to promoting the health and general welfare of the City's residents.
The seminal issue in determining immunity is to distinguish between public and private duties. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Shore v. Stonington, 187 Conn. 147, 152 (1982).
 "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages."
Roman v. Stamford, 16 Conn. App. 213, 219 (1988); aff'd, 211 Conn. 396
CT Page 126 (1989).
The test to determine whether the action involved creates a duty to the individual is the following:
 "If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual."
Id. at 220. The existence of a duty is a matter of law for the court to decide. Gordon, supra, at 171.
If it is, therefore, determined that the duty is a private one, the municipality is not entitled to governmental immunity. "Where a plaintiff claims a breach of private duty, the complaint must allege a `special individual right, privilege or franchise' which was restrained or hindered." McLaughlin v. Zwick,1 CTLR 372 (June 25, 1990, Flanagan, J.) citing South v. Maryland,59 U.S. 296, 403 (1855). The plaintiff, in her complaint, has failed to allege the existence of a private duty owed to her. See Evon v. Andrews, 211 Conn. 501, 506 (1989).
On the basis of the complaint and the nature of the duty, this court concludes that the duty alleged is a public one. Having determined the nature of the duty the court must now decide whether the specific act in issue was ministerial or discretionary. Ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. There are, however, three exceptions under which liability may be found even though the duty is discretionary. Our Supreme Court in Evon, supra, at 505 said:
 "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause of action against a municipality or municipal official CT Page 127 for failure to enforce certain laws; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence."
Another exception to governmental immunity is embodied in Connecticut General Statutes 52-557n (a)(1)(A) and (B) which provides that a municipality is liable for "[t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." However, pursuant to Connecticut General Statutes 52-557n (a)(2)(B), a municipality is not liable for "negligent acts or omissions which require the exercise of judgment or discretion. . . ." (Emphasis added). Furthermore, pursuant to Connecticut General Statutes52-557n (b)(7), a municipality is not liable for damages to person or property resulting from "the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law" unless there is a reckless disregard for health or safety. (Emphasis added).
In Gauvin v. New Haven, 187 Conn. 180, 186 (1982), the court noted that "whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act complained of." In several cases since Gauvin, however, the court has decided this issue as a matter of law. See e.g., Evon v. Andrews, 211 Conn. 501, 507
(1989) (court decided as a matter of law that acts required exercise of discretion and were not ministerial); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (court has approved the practice of deciding issue of governmental immunity as a matter of law) Letowt v. City of Norwalk,5 CSCR 12, 13 (November 8, 1989, Lewis, J.) (as a matter of law, officer's operation of a police car was ministerial).
The plaintiff has failed to allege any facts which bring this case within the purview of the exceptions outlined in Evon, supra.
There is no Connecticut decision specifically dealing with the issuance of a food service license. However, a parallel can be drawn from a variety of similar acts. In 18 McQuillan, Municipal Corporations 53.22e (3d Ed.) it is stated that "[g]enerally, the issuance, refusal to issue, or revocation of a building or occupancy permit is considered a discretionary or governmental function." See also Greenberg v. City of Hartford,4 CSCR 410 (June 19, 1989, Thompson, J.) (issuance of building CT Page 128 permits and/or certificates of occupancy necessarily are governmental functions). Also, a municipality is not liable in damages for revoking a license even where the revocation is without just cause. 18 McQuillan at 53.22e.
This court finds that the act of issuing a food service license is discretionary. Accordingly, the Motion for Summary Judgment is granted.
SOCRATES H. MIHALAKOS, JUDGE.