## WELDON v. HUDSON et al.

1. If an auditor's report fails to find all the facts, or to cover all the issues, advantage should be taken by motion to recommit, rather than by an exception which if sustained would leave the matter where it began.
2. While most of the exceptions were incomplete, and were properly stricken, the fifth exception of law was in proper form, and should have been considered. It was therefore error to strike all the exceptions as insufficient in form.

Argued June 16, — Decided July 14, 1904.

Exceptions to auditor's report. Before Judge Butt. Harris superior court. October term, 1903.

Of the exceptions referred to in the opinion as insufficient in form, it is sufficient to set out the second exception of law, which in form is similar to others. This exception was as follows: "Plaintiff excepts to the conclusion in the 2nd paragraph of conclusion of law contained in said report, and for cause of exception says that said conclusion is unauthorized by the facts, but under a proper and legal construction of the facts in regard thereto, reported in the brief of evidence, pp. 7, 27, and 28, taken in connection with the finding of fact reported in the last sentence of paragraph 19 of the conclusion of fact in said report of the auditor, the conclusion in said 2nd paragraph of conclusion of law should be that F. J. Kimbrough was the agent of Jno. T. Davis in the transaction with plaintiff and the Equitable Mortgage Co. and Equitable Securities Co. in regard to their dealings with plaintiff's debt and the land sued for, instead of being that he was not the agent of Jno. T. Davis in said transactions."

The fifth exception of law, which was also stricken, was as follows: "Plaintiff excepts to the conclusion of law which closes the aforesaid auditor's report, as follows: 'The plaintiff can not recover in this suit against Davis or Hudson, and defendants are entitled to have a judgment in their favor,' and for cause of exception to this conclusion plaintiff says that, under the facts as found, decided, and reported by the auditor, plaintiff is entitled to recover in this suit against Hudson and Davis, whether said Kimbrough was the agent of said Davis in any transaction connected with the land sued on or not, and whether or not Davis had notice of any fraud on the part of Kimbrough or any notice of the plaintiff's equity in the lands sued for at the time he (Davis) purchased from Kimbrough the bond for title and equity in the lands, and whether or not Hudson had knowledge or notice of any of these things at the time he traded with Davis for the land, still plaintiff is entitled to recover against the defendants and to have a verdict and judgment in his favor, for in the 17th paragraph of the conclusion of fact contained in said report it is found that Hudson is still due the purchase-price of said land, having not yet paid for same except a small payment therein specified. It is also found in said paragraph that Hudson is in possession of said lands.

In the 18th paragraph of conclusions of fact in said report it is found that Hudson learned, prior to January 1st, 1901, that plaintiff claimed the right to redeem said land, and that if purchased same he would buy a lawsuit. In the 19th paragraph of the conclusions of fact in said report it is found that Jno. T. Davis knew, prior to his payment in February, 1900, of Kimbrough's last note (which payment is particularly specified in paragraph 15 of conclusions of [fact]), that plaintiff claimed the right to redeem said land. It therefore follows, as a necessary conclusion of law, that if Hudson and Davis had notice of plaintiff's     (?)     to said land before they paid the purchase-money, they took subject to plaintiff's equity. Plaintiff had an equity in said land as against Kimbrough, as set forth in paragraphs 5, 6, and 8 of the conclusions of fact. Defendants had notice of this before they paid the purchase-money as above set forth. Therefore plaintiff is entitled to recover against them."

*J. B. Burnside* and *R. A. Russell*, for plaintiff.
*McNeill & Levy* and *H. V. Hargett*, for defendants.

LAMAR, J.  Weldon having filed his equitable petition against Hudson and Davis, the case was referred to an auditor. The auditor filed a brief of the evidence, and a report which was in the main in favor of the defendant, but both parties excepted. The defendants moved to strike all of the exceptions of the plaintiff, on the ground that they were insufficient, did not clearly and distinctly specify the error complained of, and that none of them were in proper form. This motion having been sustained, the defendants withdrew their exceptions, and thereupon a decree was entered in their favor. The bill of exceptions recites that the pleadings and the evidence are both immaterial to a consideration of the errors assigned. Several of the exceptions assigned as error that the auditor's conclusion is unauthorized by the facts, as will appear by a reference to designated pages of the brief of evidence, in connection with the finding of facts on a given page and line of the auditor's findings of fact. Under this form of an exception it is first of all necessary to find the ruling complained of, then to search through the designated portions of the brief of evidence to discover what was the evidence, and, thus having secured the material, determine whether or not the excep-

tion was well taken. There are many cases in the books, and several recently decided by this court, which emphasize the peculiar necessity for requiring exceptions and assignments of error on auditor's reports to be complete in themselves. Cases are referred to auditors because they involve complicated matters, — oftentimes accounts, with the necessity of making careful calculations. In these accountings each item may be the subject-matter of dispute and controversy, and the one case may involve many important special issues. The reason why it is not submitted to a jury in the first instance is because of the necessity of having some officer unravel the tangle and make a report which will assist the trial judge and enable him to dispose of the matter without unnecessary consumption of the time of the country and the interruption of the other business which is of a character that can not be thus disposed of. The very reasons, therefore, which authorize the reference to an auditor apply with equal force to the requirement of the statute that " all exceptions shall clearly and distinctly specify the errors complained of." Civil Code, § 4589. These exceptions ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself. It should state what was the ruling complained of, the evidence on that point, and state of what and wherein the error consisted.

The court was correct in striking exceptions of law numbered 1, 2, 3, and 4, and exceptions of fact numbered 1, 2, 3, and 4. The fifth exception of law was, however, sufficient in form. It stated the ruling complained of, and set forth the evidence, or findings of fact by the auditor, relied on to support the assignment of error. It was therefore error to dismiss this exception. But the defendant contends that a reversal should not be ordered because of this ruling, inasmuch as it appears elsewhere in the auditor's report that the parties had reached a settlement which had been executed, and that therefore it would be a vain and useless matter to have a hearing which would necessarily result in sustaining the auditor's report, regardless of any question of notice. But the bill of exceptions recites that the court below did not consider the pleadings or the evidence, but dismissed all

the exceptions solely because they were insufficient in matter of form and failed to assign error.    We have not before us the pleadings   or the   evidence, and   therefore   can not determine whether the findings of the auditor as to a settlement would necessarily control the decree.    The court dismissed all of the exceptions because defective in form.    One was sufficient in this respect; and the judgment must therefore be

*Reversed.    All the Justices concur.*