## BERRY *v.* ROBINSON & OVERTON.

1. A promissory note given by a purchaser of personal property, in which it is agreed that title shall remain in the seller until the purchase-money is paid, is not a bill of sale, and therefore can not be foreclosed in a justice's court under the act of 1899.
2. Where the payee of a note of the character above referred to attempts to foreclose the paper as a bill of sale, and the purchaser endeavors to arrest the proceedings by an affidavit of illegality, a judgment of the justice of the peace, refusing to entertain jurisdiction of such affidavit, should not be disturbed on certiorari, without reference to the reason which he gave for such judgment.

Submitted March 8, — Decided March 24, 1905.

Certiorari.　Before Judge Hammond.　Richmond superior court.　November 25, 1904.

*Charles P. Pressly*, for plaintiff in error.
*Julian J. Zachry*, contra.

COBB, J. Any person having a mortgage on personal property to secure a debt not exceeding $100 principal is permitted to foreclose the same in a summary manner by making affidavit as to the amount due on the mortgage and having execution issued thereon and returned to the justice's court of the proper district. Civil Code, § 2760. The mortgagor may by affidavit of illegality avail himself of any defense which he could have set up in an ordinary suit upon the demand secured by the mortgage. Civil Code, §§ 2756, 2762. The owner· of a bill of sale to personal property to secure a debt, where the principal sum does not exceed $100, is now permitted to foreclose it in the same manner as mortgages on personal property are foreclosed; and the vendee in such bill of sale may by affidavit of illegality avail himself of the same defenses that a mortgagor of personal property could resort to. Acts 1899, p. 82, Van Epps' Code Supp. §§ 6631, 6632. A bill of sale is a written agreement, either under seal or not under seal, by which one person transfers his right to or interest in personal chattels to another. Bouv. Law. Dict. (Rawle's Rev.), Stroud's Jud. Dict. (2d ed.) tit. "bill of sale." Such is the definition of a bill of sale where the purpose of the instrument is to pass the absolute title from the person executing the paper to the person to whom the paper is delivered. A bill of sale to secure a debt is simply a bill of sale, executed by the debtor to his creditor, having the effect to transfer the title to the property, to be held by the creditor until the debt is paid; that is to say, a bill of sale to secure a debt is to personal property as a security deed is to real property. It is bills of sale of this character to which the act of 1899 is applicable. Where one sells to another an article of personal property and takes a note for the purchase-money, in which the purchaser agrees that the title to the property shall remain in the seller until the purchase-money is paid, the promissory note with such a stipulation in it has none of the elements necessary to constitute a bill of sale. Ex parte Crawcour, L. R. 9 Ch. Div. 419. Title passes by a bill of sale. A promissory note of the character above referred to does not have the effect to pass title, but exactly the opposite effect, that is to allow the title to remain where it is until the happening of the condition. A con-

ditional sale of personal property, evidenced by a promissory note, is therefore not a bill of sale to secure a debt, within the meaning of the act of 1899. The paper involved in the present case was not a bill of sale, but a note containing a contract of conditional sale; and therefore the attempt to foreclose it in the manner that mortgages on personal property are foreclosed was unauthorized. The justice of the peace had no authority to issue an execution on such foreclosure, and was clearly without jurisdiction to entertain an affidavit of illegality filed to such foreclosure. The entire proceeding was a nullity. The judgment of the magistrate was right without reference to the reason which he gave for it, and this judgment was properly affirmed on certiorari.

*Judgment affirmed. All the Justices concur.*