---

STERLING ELECTRIC COMPANY *et al. v.* AUGUSTA TELEPHONE & ELECTRIC COMPANY *et al.*

1. Where an issue was made before an auditor, evidence introduced upon it, and the report of the auditor found in regard to it, there was no error in allowing an amendment of the pleadings, adjusting the prayer for equitable relief to the finding of the auditor, but not introducing any new or distinct issue.

2. Under the special facts of the case, this court will not reverse the judgment of the trial court in refusing to decree that there was a liability on the part of the stockholders which was an asset to which the creditors were entitled to look for payment.

3. A court of équity is not bound, as a matter of course, to direct its receiver to bring suit upon a note or open account appearing upon the books in his hands, but is invested with some discretion in determining whether such a suit would be profitable or likely to result in benefit or loss to the estate. Thus, if the person against whom such claim appears is insolvent, the court is not required to diminish the assets by the incurring of useless costs.

4. Where it appeared that the books in the hands of a receiver indicated an indebtedness by a certain person, and the court directed the receiver to bring suit upon such account or claim, "if upon investigation it appears that there is a reasonable prospect of realizing on any judgment that may be obtained;" and where exception was taken to such direction, but it was not shown what evidence was before the court touching the nature of the claim, or the solvency of the alleged debtor, or the probability of realizing on any judgment which might be obtained, this court will not reverse the direction so given.

Argued October 10,—Decided November 20, 1905.

Equitable petition. Before Austin Branch, judge pro hac vice. Richmond superior court. February 7, 1905.

P. H. Langdon as a creditor of the Augusta Telephone and Electric Company, on behalf of himself and all other creditors of the defendant who might become parties, filed an equitable petition against that company, alleging that it had issued two series of bonds secured respectively by a first and second mortgage, plaintiff being the holder of bonds in each series; that it had defaulted, was insolvent, and was threatened with numerous suits, levies, and seizures of parts of its property, which would dismember it and cause loss. He prayed for a foreclosure of the mortgages, that all creditors be enjoined from suing except in this proceeding, and for general relief. Various creditors intervened. The plaintiffs in error were unsecured creditors who became parties plaintiff. Some of the other intervenors claimed liens or priorities. The case was referred to an auditor, and among other things he was directed to report the assets and indebtedness of the defendant. Pending the hearing, Weed, an intervenor, amended his intervention and alleged that certain stock had been issued as a bonus, without payment therefor, that the unpaid amounts of such stock were subject to a call or assessment, and were assets of the company and should be collected for creditors. He prayed that the receiver be required to

institute suit for them, and also to institute suit upon a certain claim alleged to exist against one P. D. Langdon. The auditor in his report included as an asset the claim against Langdon as appearing prima facie to be due; but, under the evidence, held that there was no liability on the part of the holders of the stock, and declined to include such a liability as an asset. Exceptions were filed by Weed on this branch of the case, and by others on other points. The report was filed August 26, 1904. On December 30, following, the plaintiffs in error filed what they termed an amendment to their interventions, in which they alleged that the stockholders had never paid for stock issued to them, and prayed that the receiver be directed to collect the unpaid subscriptions, and "for such relief and for such further and other directions as may be proper under the circumstances." The original plaintiff filed an amendment to his pleadings, based upon the finding of the auditor, and asking relief in regard to a matter found in the auditor's report. This was demurred to by the plaintiffs in error, but the demurrer was overruled. On January 28, the plaintiffs in error amended their pleading in reference to declaring a liability on the part of the holders of common stock and in regard to having suit brought on the claim against Langdon. The case coming on for a final decree, the presiding judge entered a decree in which he recites, that, it appearing that all the exceptions to the auditor's report have been withdrawn and dismissed by the parties making them, except the exceptions filed by John W. Weed, and it further appearing that all the parties in interest, as hereinafter set out, are before the court after due notice," he overrules the exceptions of Weed and the prayers of his supplementary petition, except as to the institution of suit against Langdon, "against whom the receiver is ordered to bring suit, if upon investigation it appears that there is a reasonable prospect of realizing on any judgment that may be obtained." The report of the auditor was confirmed and a decree entered accordingly. Weed did not except, but the plaintiffs in error filed a bill of exceptions alleging three errors: first, because the court overruled their demurrer to the amendment of the original petition; second, because he refused to hold that there was a liability by the stockholders to subsequent creditors, and they contended that this was an asset to which they were entitled to look for payment; third, because, in authorizing suit by the receiver against Langdon, he

limited it by the use of the words, "if upon investigation it appears that there is a reasonable prospect of realizing on any judgment that may be obtained."

*P. C. O'Gorman,* for plaintiffs in error.

*Joseph B. & Bryan Cumming* and *C. Henry Cohen,* contra.

LUMPKIN, J.   (After stating the facts.)   1. There was no error in overruling the demurrer to the amendment of the plaintiff.   The matter dealt with in it had been before the auditor, evidence had been introduced on the subject, and he had made a report touching it.   The amendment simply adjusted the plaintiff's pleadings and prayer to meet the facts which had thus been considered and passed on.   *Cureton* v. *Cureton,* 120 *Ga.* 560 (2).

2. The plaintiffs in error were parties before the auditor.   Evidence was introduced on the subject of the liability of the stockholders and whether it was an asset of the company.   No one except Weed seems to have objected to the auditor's making an adjudication on the subject of the liability.   His counsel contended that it was not within the province of the auditor to pass on the question of liability, but to report these claims as prima facie assets.   The auditor construed the order of reference and his duty differently.   So far as appears in the record, the plaintiffs in error never filed any exceptions to the auditor's report.   In the bill of exceptions it was recited, "That at this time, December 20, 1904, all of the parties who had filed exceptions to the report withdrew the same, except John W. Weed, on which day the [plaintiffs in error] joined in his exceptions by their counsel in open court and were allowed to do so by the court."   It is not stated that they filed any exceptions themselves or took any order on the subject, and we presume that this meant no more than that counsel for these parties assisted in urging the exceptions of Weed.   We do not know how they could have become parties to exceptions filed by another person, after the time for excepting had passed.   In the absence of anything in the record to show that this was done, we put upon the language the construction referred to above, which represents all that could lawfully have been done by the plaintiffs in error at that time.   The presiding judge recited in his final decree that all exceptions were withdrawn or dismissed except those of Weed, which were overruled.   Plaintiffs in error appear to have

largely rested their proceeding upon that of Weed, and when he failed to except, they have undertaken to do so. It is true that they filed an amendment somewhat similar to that of Weed, after the auditor had filed his report, alleging that they had never had the opportunity to present this question in a court of law since the facts came to their knowledge. But inasmuch as evidence was introduced before the auditor and he reported on the subject, it is not easy to see how the plaintiffs in error or their counsel could have escaped knowing the facts. If they rested upon the proceeding of Weed to hold the stockholders liable, the auditor found that he was notified, before he purchased the bonds, that the company would make such a transaction, and that he must be assumed to have assented to it.

Generally, where it is desired that a receiver shall bring suits, application is made to the court of his appointment, setting out the grounds for suit, and upon proper showing the court passes an order giving direction to the receiver. It is not altogether usual to have the question of whether there is *a liability* on the part of stockholders, which should be enforced by a suit to be brought by the receiver, finally passed on in limine by an auditor, under an intervention filed with him, before actual suit by the receiver or by the parties, and without prayer for a judgment against any special persons, and to have the court thus decree that *a liability* exists, as plaintiffs in error seem to desire. Their exception is to a refusal to so hold. Some of the holders of the stock were themselves intervenors on other grounds, and were thus before the auditor, while others were not. Neither by invoking an amendment of the order of reference or an order construing it and giving direction to the auditor, nor by exception to the auditor's report, have these unsecured creditors who brought the case to this court raised the question in the trial court. The parties who filed the bill of exceptions seem to have taken their chances upon this mode of procedure, and we are not prepared to say that, as to them, the court erred in the ruling which he made. We do not wish to be understood as in any manner modifying or changing the ruling made in *Allen* v. *Grant,* 122 *Ga.* 552. What we hold is, that, under the special facts of this case, the plaintiffs in error are not entitled to a reversal.

3. We do not know what evidence was before the presiding judge upon the subject of Langdon, or the nature of the claim against him,

or whether he was solvent or insolvent, or as to the probability of realizing on a judgment against him.   In regard to directing the receiver to bring suit on promissory notes or open accounts, the judge has some right to look to the interests of the estate.   He is not bound to direct the receiver to involve the estate in heavy costs or expenses in suing insolvent or worthless claims.   The plaintiffs in error do not appear to have shown whether there was a probability of realizing on the Langdon claim, or whether they were willing to save the estate from costs should the suit be unremunerative. The court gave the receiver some discretion in judging of the matter, and we can not say that he erred.

Judgment affirmed.   All the Justices concur.