PITTS *et al.* *v.* EPPINGER, administrator.

</div>

GEORGE, J. This was an action for land, with a prayer for mesne profits. The defendants filed certain equitable pleas, and the case was referred to an auditor, who, after hearing the case, filed his report. The defendants filed their exceptions to the findings of fact and of law. By consent of the parties these exceptions were submitted to the judge to pass upon without a jury. By order in term the hearing on the exceptions was fixed for a time and place in vacation. On the hearing the plaintiff offered an amendment to his original petition, striking from the fourth paragraph thereof the allegation that the mesne profits were " of the value of $500 per annum," and substituting in lieu thereof the allegation that the profits were a stated number of bales of cotton, of designated weight and value. To this amendment the defendants objected, " (a) because same was offered at a time when the court was not authorized to allow same, the auditor having made his report and the case then being before the judge only for the purpose of determining whether the exceptions filed should be passed upon by a jury, and therefore the amendment was not proper at that stage of the case; and (b) because not authorized under the facts of the case."

To the allowance of the amendment the defendants filed their exceptions pendente lite. Thereafter the judge approved the auditor's findings of law and of fact, and rendered final judgment for the plaintiff. To this judgment the defendants excepted, assigning error also upon their exceptions pendente lite. *Held*:

1. The amendment, adjusting the pleadings to the evidence before the auditor, and raising no new issue, was permissible. *Cureton* v. *Cureton*, 120 *Ga.* 559 (2), 565 (48 S. E. 162).

2. Under the pleadings and evidence a judgment for the plaintiff for the premises in dispute was demanded.

3. Upon a review of the record, there was no error in disapproving the exceptions of fact or in overruling the exceptions of law to the auditor's report.

4. The failure of the auditor to specify the amount of mesne profits found against each of the defendants (the auditor having found a general judgment for mesne profits against both of the defendants), under the pleadings and evidence in the record, should have been made the basis of a motion to recommit the case. *Weldon* v. *Hudson*, 120 *Ga.* 699 (48 S. E. 130).    *Judgment affirmed. All the Justices concur.*

No. 1821. SEPTEMBER 17, 1920.

Complaint for land. Before Judge Searcy. Pike superior court. November 21, 1919.

*Redding & Lester, J. J. Flynt,* and *W. H. Connor,* for plaintiffs in error.

*E. F. DuPree* and *Cleveland & Goodrich,* contra.