## KING *v.* KING.

1. Where a husband brought a libel for divorce against his wife, and the wife in a cross-action prayed for a divorce from the husband and for temporary and permanent alimony, and the jury on the first trial of the divorce suit returned a verdict against a divorce for both parties, and the suit thereupon terminated in a judgment denying to both the husband and the wife a divorce as prayed, the verdict and judgment in the divorce suit is no bar to a suit for permanent alimony subsequently brought by the wife for herself and minor child against the husband, although the grounds set up in such suit for alimony were pleaded as grounds for divorce and alimony in the cross-action filed by the wife to the husband's libel for divorce.

2. The verdict for permanent alimony for the wife and minor child is supported by the evidence. The judgment overruling the defendant's motion for new trial is not erroneous for any reason assigned.

No. 2141. April 12, 1921.

Alimony. Before Judge Tarver. Whitfield superior court. May 29, 1920.

*M. B. Eubanks* and *R. H. House,* for plaintiff in error.

*Maddox, McCamy & Shumate* and *F. K. McCutchen,* contra.

George, J.   C. L. King filed a libel for divorce against his wife, Mrs. Essie King, to the July term, 1919, of Whitfield superior court.   Mrs. King filed a cross-petition praying for a divorce and for temporary as well as permanent alimony for herself and minor child.   On the first trial of the action the jury returned a verdict finding against the divorce for both parties.   Upon this verdict the court rendered a judgment denying to both parties the relief prayed.   Subsequently Mrs. King brought an action for alimony for herself and minor child; and the defendant, C. L. King, contested her right to alimony, pleading the judgment in the divorce suit in bar of her right to prosecute the suit for alimony. In her suit for alimony Mrs. King alleged the same facts pleaded in her cross-action for divorce and alimony.   Upon motion the court amended the judgment in the divorce suit, and the judgment as amended merely denied to both parties the divorce prayed. Thereafter the court dismissed the plea of res adjudicata as insufficient; and the ruling of the court in dismissing this plea is the controlling question presented by this record.

The Civil Code (1910), § 2954, provides, among other things, that " The jury rendering the final verdict in the cause [that is to say, in a libel for divorce] may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture." Section 2981 provides: " If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support."   From the foregoing sections it is obvious that the wife's claim for alimony was not involved in the first trial of the divorce suit.   Her claim for alimony could only be considered by the jury upon the final or second trial of the divorce suit.   Inasmuch as the decree or judgment in the divorce suit was rendered

on the first verdict of the jury in that action, the question of permanent alimony for the wife and minor child was not affected by the decree or judgment. Her claim for alimony, as set forth in her cross-petition for divorce, was based upon the allegation that a suit for divorce was pending between the parties. We are of the opinion, therefore, that the verdict and judgment in the divorce suit is not a bar to the wife's suit for permanent alimony, although in her cross-petition in the divorce suit she had pleaded the same matter as ground for divorce, and as a basis for her claim of alimony for herself and child, as she now pleads in her alimony suit. See *Mitchell* v. *Mitchell,* 97 *Ga.* 795 (25 S. E. 385); *Sumner* v. *Sumner,* 121 *Ga.* 1 (48 S. E. 727); *Bishop* v. *Bishop,* 124 *Ga.* 293 (52 S. E. 743).

The further assignments of error contained in the bill of exceptions afford no reason for setting aside the verdict finding permanent alimony for the wife and minor child, and are not of such character as to require discussion.

*Judgment affirmed. All the Justices concur.*