### MASON *v.* MASON.

1. Where a husband's suit for divorce was answered by the wife, and by amendment she averred that on the filing of her answer the husband had abandoned her and had since lived separate and apart and had not since then provided for her in any way, and she prayed for an allowance as temporary alimony, but did not pray for permanent alimony or bring a cross-action, and upon a hearing temporary alimony to be paid monthly was allowed to her; and where thereafter the husband dismissed his suit, the dismissal terminated the operation of the order for temporary alimony.
2. Where upon dismissing his first action the husband brought another suit for divorce, the wife had a right to apply for and have granted to her temporary alimony and counsel fees pending the suit; she having answered it and prayed for temporary and permanent alimony.
3. It was not error to refuse an interlocutory injunction against enforcement of an order for payment of temporary alimony, passed in the second divorce suit; this order allowing the husband credit for whatever payments he had made to the wife under the order for temporary alimony in the first suit since the time he dismissed it.

No. 2147.   May 10, 1921.

Petition for injunction.   Before Judge Hutcheson.   Campbell superior court.   April 16, 1920.

*James & Bedgood* and *John H. Hudson*, for plaintiff.

*J. J. Barge*, for defendant.

Fish, C. J.   A husband brought suit in Fulton county for divorce on the ground of cruel treatment. The wife answered, denying the charge, and averring " that petitioner and this defendant have lived together as husband and wife since the filing of said suit, and before the filing of this answer." In an amendment allowed to her answer she averred: " That immediately on the filing of her answer in said case the plaintiff abandoned her and ever since has lived separate and apart from her, and has not .

provided for her in any way or manner since said date." She prayed for an allowance as temporary alimony, and for counsel fees; and that the husband be restrained from disposing of or encumbering his property described in her answer, until the matter of her application for temporary alimony should be determined. She did not pray for permanent alimony, or that a divorce be granted to her. On a hearing, November 13, 1919, temporary alimony in a given sum to be paid monthly was granted, but in such judgment no attorney's fee nor restraining order was either granted or denied. On January 12, 1920, the husband dismissed his suit pending in Fulton county, and on the same date instituted a suit for divorce in Campbell county, where his wife was then living; this suit being also based on the ground of alleged cruel treatment. The wife answered the second suit, denying the charge of cruel treatment made against her, but averring that the husband had been guilty of certain acts of alleged cruelty against her, and praying that he be refused a divorce, and that a divorce be granted to her. She also applied for permanent and temporary alimony, and attorney's fee. Upon the hearing, February 21, 1920, before the judge of the superior court of Campbell county, the wife was granted temporary alimony in a given sum to be paid monthly, and a stated amount as attorney's fee. No exception was filed to such judgment. On March 2, 1920, the husband filed in Campbell county a petition against his wife, " to enjoin and restrain and set aside the order ". of February 21, 1920, granting the wife temporary alimony and counsel fee, and seeking to permanently enjoin the enforcement of such order. The facts as above stated were set forth in the petition; and further, that petitioner had regularly paid alimony in accordance with the order for same granted in Fulton county. The grounds alleged for injunction were that the husband had no notice of the hearing for temporary alimony in the litigation in Campbell county, and that there were two existing judgments against him for temporary alimony, one in the Fulton county suit, and the other in the Campbell county suit. On the hearing an interlocutory injunction was refused, and the husband was directed to comply with the order of February 21, 1920; the judgment stating: " but in so doing he is to have credit for whatever payments he has made to the defendant, under order of Fulton superior court, since dismissing his said suit in " that court.

An application for temporary alimony must be based on a pending suit for divorce, or for permanent alimony. Civil Code (1910), § 2976; *Combs* v. *Combs,* 146 *Ga.* 112 (90 S. E. 862). As the application for temporary alimony in the pending suit for divorce in Fulton county was ancillary to and dependent upon that suit, when such suit was dismissed by the plaintiff therein, thereby finally ending it — there being no cross-action, — not only the application for temporary alimony there made, but also the order granting the same, was necessarily terminated by such dismissal. The quotations made in the foregoing statement of facts from the answer, and the amendment thereto, did not constitute " a suit by a wife for permanent alimony," so as to be the basis for an application for temporary alimony. Pending the suit against her for divorce in Campbell county, the wife had the right to apply for and have granted to her temporary alimony and counsel fees pending that action. *King* v. *King,* 151 *Ga.* 361 (106 S. E. 906), and cit.

The point as to want of notice of the hearing at which temporary alimony was awarded on February 21, 1920, in the Campbell county suit, is abandoned by not being referred to in the brief of counsel for plaintiff in error.

It follows for the reasons stated, if for no other, that the court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*