WHITMIRE, administrator, *et al. v.* THOMPSON, administratrix.

ATKINSON, J. 1. Where a decree was rendered in a suit against an administrator and the two sureties on his bond, and all the defendants excepted to the decree, the writ of error will not be dismissed on the ground that guardians appointed for one of the sureties pending the action were not made parties plaintiff in error.

2. Neither was it cause for dismissal of the writ of error in this case that the plaintiffs in error did not give a supersedeas bond, did not specify the evidence filed in the trial court to be sent to the Supreme Court, and did not in the bill of exceptions properly assign error upon the judgment of the trial court.

3. The paper in the nature of an amendment to the original petition seeking recovery of an amount alleged to be due the ward of the deceased was not subject to demurrer on the grounds (a) that there was no allegation that the claim was filed with the administrator "according to law;" (b) that there was no allegation that the claim had not been paid, or that the ward had been damaged by the failure of the administrator to observe "the rules of priority." Questions of this character are defensive, and should be raised by plea where they do not appear on the face of the petition.

4. In payment of the debts of a decedent, debts due by the deceased as guardian rank fifth in the order of distribution, liquidated debts evidenced by promissory notes rank eighth, and debts upon open accounts rank ninth. Civil Code, § 4000.

5. If a guardian dies intestate while indebted to his ward and the administrator of his estate pays, from the general assets left by the intestate, claims of lower dignity, exceeding the amount due to the ward, and turns over the balance of the assets in his hands to the administrator de bonis non appointed to succeed him, such balance being more than sufficient to discharge the debt to the ward, the mere fact that the administrator paid off the claims of lower dignity without paying the debt to the ward would not render him and his sureties liable to the administrator de bonis non for the amount due the ward.

(a) If the administrator would be liable to any one, in the circumstances

just stated, for failure to pay the debt of the ward according to its priority, he would not be liable in such accounting to the administrator de bonis non where it appeared that the sureties on the bond of the guardian had paid the debt in full. The liability, if any, would be to the sureties who had paid the debt.

(b) The judge erred in overruling the third exception of law to the auditor's report, which complained of the twelfth finding of the auditor. As this ruling will cause a reversal of that finding by the auditor, and the evidence may not be the same on another trial, other grounds of attack upon that ruling by the auditor will not be considered.

6. The judge erred, at the trial of the exceptions to the auditor's report, in allowing the plaintiff to amend by alleging insolvency of the estate, produced by the acts of the administrator in paying claims of lower dignity than the claim of the ward, over the objection that it came too late and that it was not supported by the evidence that had been introduced. While an amendment the purpose of which is to adjust the pleadings to the proof may be allowed upon the trial of exceptions to an auditor's report (*Lane* v. *Tarver*, 153 *Ga.* 570 (7), 113 S. E. 452), in this instance there was no evidence to support the amendment.

7. The judge did not err in overruling the motion to dismiss the case, made after the final judgment, based on the ground that it appeared from the face of the petition that the appointment of the administrator de bonis non was premature and void.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*

No. 8126.   JULY 25, 1931.

178

*R. C. Ramey,* for plaintiffs in error.
*W. S. Paris* and *Thad. L. Bynum,* contra.