21944. WARD *et al. v.* FLORENCE *et al.*

DECIDED FEBRUARY 17, 1932.

*C. N. Davie, J. F. Kemp, L. S. Camp, Mozley & Gann,* for plaintiffs.

*H. B. Moss, Morris & Wallace,* for defendants.

BROYLES, C. J. 1. An exception of law or of fact to an auditor's report should clearly and distinctly specify the error complained of (Civil Code, 1910, § 5135), and "should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error." *Hudson* v. *Hudson,* 119 *Ga.* 637 (11) (46 S. E. 874). See also *Weldon* v. *Hudson,* 120 *Ga.* 699 (2), 702 (48 S. E. 130); *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131 (48 S. E. 984).

2. While "exceptions to an auditor's report should not be stricken on demurrer when they point out the alleged errors in such manner that the nature of the same can be clearly and readily understood *when considered in connection with the findings of the auditor to which such exceptions refer, it is not erroneous to strike exceptions not meeting the requirement just indicated."* (Italics ours.) *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (5, 6) (34 S. E. 1005); *Waycross &c. Co.* v. *Offerman &c. Co.,* 119 *Ga.* 983 (47 S. E. 582).

3. Exception 3 to the auditor's report was as follows: "To the findings of law contained in paragraph 25 of the report because said findings are contrary to law because all the parties plaintiff are suing for fraud and deceit arising out of a series of facts and circumstances common to all the parties defendant and said parties plaintiff and intervenors are entitled to sue as a class and thereby avoid a multiplicity of suits. In other words, the defendants may

interpose the same defense to each and all the claims of the parties plaintiff in one and the same action and complete justice can be done to all the parties at interest." Paragraph 25 of the auditor's report reads as follows: "The following rulings are therefore made upon the demurrer offered by the defendants on the 22d day of April, 1930, to which the objections set out in the foregoing paragraph were offered: The first and second grounds of the demurrer are sustained, and, so far as lies within the power of the auditor, said petition is dismissed." Upon the hearing of the case in the superior court the defendants made a motion to strike the above-referred-to exception 3, upon the grounds (among others) that the exception did not clearly and distinctly specify the error complained of, and that it did not contain sufficient facts and rulings necessary to show harmful error. The judge of the superior court rendered the following decision: "The within motion to strike coming on for a hearing, and during the course of the hearing counsel having agreed that if the court should sustain the motion to strike the third exception to the auditor's report, it would be a final disposition of the case, leaving a demurrer to the original petition sustained by the auditor and no exception thereto, and therefore no necessity for passing upon the other grounds of said motion or of the [other] exceptions to the auditor's report, in view of the rule laid down in the cases of *Hudson* v. *Hudson, Weldon* v. *Hudson,* and *Green* v. *Valdosta Guano Co.,* supra, the third ground of the motion to dismiss [to wit, the motion to dismiss the third exception to the auditor's report] is sustained and said exception is stricken. Since this ruling is a final disposition of the case, the other grounds of said motion [to strike the other exceptions to the report] are not passed upon." *Held:* The above-referred-to exception to the auditor's report was properly stricken. The auditor's ruling in paragraph 25 of his report was the sustaining of the first and second grounds of the defendants' demurrer "offered on the 22d day of April 1930," and the dismissal, "so far as lies within the power of the auditor," of the petition. The first and second grounds of the demurrer are not stated, or even hinted at, in paragraph 25 or in any other portion of the auditor's report; and exception 3 (complaining of the findings of law in paragraph 25) does not set forth those grounds of the demurrer. In fact the word "demurrer" is not mentioned in the exception. Neither the superior court nor

this court could clearly and readily understand the alleged error attempted to be pointed out by the exception, when the exception is considered in connection with the findings of the auditor in paragraph 25 of his report. See authorities cited above.

4. Subsequently to the judgment approving the auditor's findings in paragraph 25 of his report and dismissing the petition, the court fixed the compensation of the auditor at $500, and taxed one half of that amount against the plaintiffs and intervenors, and upon that judgment the bill of exceptions contains the following assignment of error: "To the ruling and judgment of the court finding that the plaintiffs and intervenors should be taxed with a fee of $250 for the auditor, the plaintiffs and intervenors excepted, now except and assign error upon said ruling and judgment upon the ground that same was, and is, contrary to law." This is obviously an insufficient assignment of error and raises no question for consideration by this court. The assignment should have pointed out wherein the judgment complained of was contrary to law.

5. The court did not err in any of its rulings assigned as error in the bill of exceptions.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*