*Charles G. Bruce,* contra.

21957. MOBLEY, superintendent, etc., *v.* MORRIS *et al.*

BROYLES, C. J. 1. The motion to amend the bill of exceptions by substituting therein the name of "W. J. Davis, superintendent of banks," in lieu of "A. B. Mobley, superintendent of banks," is granted, and the

motion of the defendant in error to dismiss the writ of error is overruled on both grounds of the motion.

2. The court did not err in overruling the plaintiff's motion to recommit the case to the auditor.

3. "An exception of law or of fact to an auditor's report should clearly and distinctly specify the error complained of (Civil Code, 1910, § 5135), and 'should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find error.' *Hudson* v. *Hudson*, 119 *Ga.* 637 (11) (46 S. E. 874). See also *Weldon* v. *Hudson*, 120 *Ga.* 699 (2), 702 (48 S. E. 130); *Green* v. *Valdosta Guano Co.*, 121 *Ga.* 131 (48 S. E. 984)." *Ward* v. *Florence*, 44 *Ga. App.* 767 (162 S. E. 872).

4. "While 'exceptions to an auditor's report should not be stricken on demurrer when they point out the alleged errors in such manner that the nature of the same can be clearly and readily understood *when considered in connection with the findings of the auditor to which such exceptions refer, it is not erroneous to strike exceptions not meeting the requirements just indicated. Mohr-Weil Lumber Co.* v. *Russell*, 109 *Ga.* 579-(5, 6) (34 S. E. 1005); *Waycross &c. R. Co.* v. *Offerman &c. R. Co.*, 119 *Ga.* 983 (47 S. E. 582)." *Ward* v. *Florence*, supra.

5. Applying the principles of the foregoing rulings to the facts of the instant case, the judge did not err in striking all the plaintiff's exceptions of law and fact to the auditor's report, and in dismissing the exceptions.

6. In view of the immediately foregoing ruling, it follows that the judge properly confirmed the findings of the auditor and made such findings the judgment and decree of the superior court.

7. In his order confirming the findings of the auditor, etc., the judge fixed the fee of the auditor at the sum of five hundred dollars, and taxed one half of that amount against the plaintiff, and on that judgment the bill of exceptions contains the following assignment of error: "To the ruling and judgment of the court finding that the plaintiff should be taxed with a fee of two hundred and fifty dollars for the auditor, the plaintiff excepted, and now excepts and assigns error upon said ruling and judgment upon the ground that same was, and is, contrary to law." This is "obviously an insufficient assignment of error and raises no question for consideration by this court. The assignment should have pointed out wherein the judgment complained of was contrary to law." *Ward* v. *Florence*, supra.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED APRIL 30, 1932.

*C. N. Davie, J. F. Kemp, L. S. Camp, Mozley & Gann,* for plaintiff in error.

*Morris & Wallace, Morris & Morris,* contra.