CAMP *v.* CAMP.

BELL, Chief Justice. 1. Where a husband sued his wife for a divorce on the ground of cruelty, and she filed an answer and cross-action denying the alleged cruelty, and praying for permanent and temporary alimony

and for an injunction, but not seeking a divorce, the court had jurisdiction when the case as thus made was reached for trial, to limit the trial to the husband's suit for divorce. and to continue the wife's cross-action for permanent alimòny to a subsequent term of the court. Code, § 3-510; *Lacher* v. *Manley*, 139 *Ga.* 802 (78 S. E. 188); *Evans* v. *Evans*, 191 *Ga.* 752 (14 S. E. 2d, 95); *Boone* v. *Boone*, 192 *Ga.* 579 (3) (15 S. E. 2d, 868); *Cox* v. *Cox*, 197 *Ga.* 260 (3) (29 S. E. 2d, 83).

2. Where, under the circumstances above indicated, the jury trying the sole issue as to divorce rendered a verdict against the husband denying the divorce prayed, such verdict did not terminate or abate a judgment for temporary alimony which had been entered on the wife's application therefor before the trial of such divorce issue. See, in this connection, the Code, §§ 30-209, 30-210; *Mitchell* v. *Mitchell*, 97 *Ga.* 795 (25 S. E. 385); *Bishop* v. *Bishop*, 124 *Ga.* 293 (52 S. E. 743); *King* v. *King*, 151 *Ga.* 361 (106 S. F. 906); *Lee* v. *Lee*, 154 *Ga.* 820 (115 S. E. 493).

3. The instant case is distinguished by its facts from the following cases cited for the plaintiff in error: *Stoner* v. *Stoner*, 134 *Ga.* 368 (4) (67 S. E. 1030), wherein the prayer for alimony was incidental to a suit for divorce by the wife herself; *Mason* v. *Mason*, 151 *Ga.* 468 (107 S. E. 331), where the wife was granted temporary alimony only as incident to a suit for divorce by the husband, she not having prayed for permanent alimony or filed a cross-action; *Brisendine* v. *Brisendine*, 152 *Ga.* 745 (2 a) (111 S. E. 22), in which it was held that the award of temporary alimony pending the wife's own previous suit for divorce terminated with the conclusion of that action against her; *Pace* v. *Bergquist*, 173 *Ga.* 112 (159 S. E. 678), in which temporary alimony had been allowed only "until further order of the court," and it was held in effect that the husband was not liable for installments accruing after the wife obtained a decree of total divorce, severing the matrimonial relation and containing no reference to alimony.

4. Under the preceding rulings, the judgment overruling the motion to dismiss the rule for contempt for failure to pay temporary alimony as awarded was not erroneous for any reason urged.

*Judgment affirmed. All the Justices concur.*

No. 15075. MARCH 7, 1945.

146

*H. W. McLarty,* for plaintiff in error.
*Pearl Burnette* and *B. L. Milling,* contra.