JOHNSON *et al.* v. BOYD, administrator; *et vice versa.*

Nos. 15857, 15867.   JUNE 12, 1947.   REHEARING DENIED JULY 11, 1947.

532

*Franklin, Eberhardt & Barham* and *S. B. McCall,* for plaintiffs in error.

*J. P. Knight, Jack Knight, C. E. Parrish,* and *Edward Parrish,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Generally, pleadings are amendable at any stage of the cause. Code, § 81-1301. "A petition in equity may now be changed by amendment into an action at law, where the amendment is not otherwise objectionable; and the converse, of course, is equally true." *Harrell* v. *Parker,* 186 *Ga.* 760 (3) 768 (198 S. E. 776).

The court did not err in the present case in allowing an amendment offered by the plaintiff, after the auditor had filed his report, and while exceptions thereto were pending, the purpose of which was to make the pleadings conform to the evidence already admitted on the hearing, so that the same would support a decree administering the proper equitable rights of all the parties, upon the facts reported by the auditor. *Milner* v. *Mutual Benefit Build-*

*ing Assn.,* 104 *Ga.* 101 (3, 4) (30 S. E. 648) ; *Cureton* v. *Cureton,* 120 *Ga.* 560 (2) (48 S. E. 162) ; *Sterling Electric Co.* v. *Augusta Telephone & Electric Co.,* 124 *Ga.* 371 (1) (52 S. E. 541) ; *Greer* v. *Andrew,* 133 *Ga.* 193 (8) (65 S. E. 416) ; *McCord* v. *Jackson,* 135 *Ga.* 176 (3) (69 S. E. 23) ; *Pitts* v. *Eppinger,* 150 *Ga.* 479 (1) (104 S. E. 203) ; *Lane* v. *Tarver,* 153 *Ga.* 570 (7) (113 S. E. 452) ; *Whitmire* v. *Thompson,* 173 *Ga.* 174 (6) (159 S. E. 859) ; *Mobley* v. *Russell,* 174 *Ga.* 843 (2), 846 (164 S. E. 190).

A controlling question, in so far as the alleged error in overruling the exceptions to the auditor's report is concerned, is whether the auditor erred in finding that the foreclosure deed executed by W. M. Fambro, as attorney in fact of R. L. Bartlett, to W. M. Fambro, dated August 5, 1941, was for stated reasons fraudulent and void.

While the reasons given by the auditor might have been subject to various exceptions, yet the facts were sufficient to authorize the finding that the deed was void.

It is a well-recognized rule that, if a judgment is right for any reason, it should be affirmed. *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4) (47 S. E. 943) ; *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (1) (48 S. E. 933) ; *Berry* v. *Robinson,* 122 *Ga.* 575 (2) (50 S. E. 378) ; *Hill* v. *Smith,* 157 *Ga.* 210, 212 (121 S. E. 214) ; *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434 (6 b) (122 S. E. 327) ; *Cone* v. *Davis,* 179 *Ga.* 749 (4) (177 S. E. 558) ; *Cash* v. *Cash,* 180 *Ga.* 567 (1) (179 S. E. 629) ; *Coker* v. *Atlanta,* 186 *Ga.* 473 (1) (198 S. E. 74) ; *Guffin* v. *Kelly,* 191 *Ga.* 880 (4) 890 (14 S. E. 2d, 50).

In the present case there was evidence before the auditor to the following effect: R. L. Bartlett, being indebted to W. M. Fambro, who held several security deeds covering the property sued for, entered into an agreement with Fambro whereby the latter was to take possession of a portion of the property and collect the rents from two houses located thereon until the debt was paid. Acting under the agreement, Fambro took possession of the two houses and collected the rents from August, 1939, to the date of Bartlett's death on October 14, 1940, and thereafter until August 5, 1941, at which time he sold the property under a power contained in one of the security deeds. The property, valued at from $2000 to $3000, was bought in by Fambro for $500. At the time of the

sale, Bartlett's estate was unrepresented, his widow was out of the State and did not have sufficient mental capacity to engage in business transactions, and the whereabouts of his only son, who was practically blind and of low mentality, was unknown. Fambro was an astute business man.

The petition as amended sought equitable relief, and the pleadings and evidence were sufficient to show such inadequacy of consideration and great mental disparity between the widow of Bartlett and his son on the one hand, and Fambro on the other hand, as would under the Code, § 37-710, justify a court of equity in setting aside the sale under the power contained in the security deed. Accordingly, it cannot be held as a matter of law that the auditor erred in finding that the foreclosure deed in question was fraudulent and void. See *Scott* v. *Gillis,* 202 *Ga.* 220 (43 S. E. 2d, 95).

Under the facts of the present case it is not necessary to decide whether the agreement to accept possession of two houses, and to collect rents therefrom until the debt was paid, which agreement was acted upon for two years would, in the absence of fraud, have prevented the grantee in the security deed from exercising the power of sale, or whether such agreement amounted merely to an additional method by which the grantee in the security deed could have collected his debt.

While the foregoing ruling disposes of a controlling issue in the case, an examination of the record in its entirety shows the exceptions taken to the findings of the auditor to be without merit, and that all such rulings and findings of the auditor, as approved by the trial judge, are supported by the evidence and in accordance with law.

■ The plaintiffs in error except to the following portion of the final decree: "That the plaintiff recover of the defendants the sum of $178.23 as of January 17, 1947, and the sum of $20 per month as rents until the said defendants deliver possession of the property hereinbefore described to the plaintiff." The criticism is that such judgment, so incorporated in the final decree, is wholly unsupported by any of the findings of the auditor in his report, as amended, and therefore such portion of the decree is contrary to law.

The portion of the final decree to which exceptions are taken is supported by the finding of the auditor that the estate of R. L. Bartlett deceased is indebted to W. M. Fambro in the sum of $201.77 as of June 2, 1945, with interest at 8 percent per annum, and subject to credits for rentals of the property sued for at the rate of $20 per month, until such time as the possession thereof shall be put into the plaintiff. From such finding, it is only a matter of calculation to arrive at the correct amount that was due on January 17, 1947, and the plaintiffs in error do not insist that the court erred in finding that $178.23 was the correct amount as of the above date. There is no merit in this exception.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*