18585. DAVENPORT *v.* DAVENPORT.

ARGUED MAY 10, 1954—DECIDED MAY 31, 1954.

*Carter Goode, Ellis M. Creel,* for plaintiff in error.
*Cecil D. Franklin, Henry A. Stewart,* contra.

HEAD, Justice. The act of the General Assembly entitled, "Revision of Divorce Laws," approved January 28, 1946 (Ga. L. 1946, pp. 90-93; Code, Ann., Chapter 30-1), did not repeal or modify the applicable rules of law governing the wife's right to alimony. Code § 30-210 provides that permanent alimony shall be granted in the following cases: "1. In cases of divorce, as

considered in Chapter 30-1. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband."

In her former petition for divorce, the wife relied upon the ground of cruel treatment. It appears from the record before us that the jury's verdict in that case was, "We, the jury, find for the defendant." This verdict was a finding by the jury that the wife had not sustained by proper evidence her allegations of cruel treatment, and having found against her prayers for divorce, the jury could not have awarded her any amount as alimony. *Stoner* v. *Stoner*, 134 *Ga.* 368, 369 (4) (67 S. E. 1030); *Brightwell* v. *Brightwell*, 161 *Ga.* 89 (129 S. E. 658); *Meadows* v. *Meadows*, 161 *Ga.* 90 (129 S. E. 659); *Mullally* v. *Mullally*, 199 *Ga.* 708 (35 S. E. 2d 199); *Sternberg* v. *Sternberg*, 203 *Ga.* 298 (46 S. E. 2d 349); *Davis* v. *Davis*, 206 *Ga.* 559 (57 S. E. 2d 673).

The question now presented, and the sole question made by this record, is whether or not the wife is barred from permanent alimony under Code § 30-210 (2), "in cases of voluntary separation." The failure of the wife's action for divorce, which carried with it her prayers contained therein for alimony, will not bar a subsequent action by the wife for permanent alimony based upon the allegation that the parties are living in a state of voluntary separation. *Mitchell* v. *Mitchell*, 97 *Ga.* 795 (25 S. E. 385); *Bishop* v. *Bishop*, 124 *Ga.* 293 (52 S. E. 743); *King* v. *King*, 151 *Ga.* 361 (106 S. E. 906); *Brisendine* v. *Brisendine*, 152 *Ga.* 745 (111 S. E. 22).

In the *Brisendine* case, supra, the court stated the facts as follows: "A wife sued for divorce on the ground of cruel treatment, and in the petition prayed for an allowance of counsel fees, and for permanent and temporary alimony for herself and minor daughter. On a hearing counsel fees and temporary alimony were allowed pending the action. On the trial of the suit for divorce there was a verdict that the wife was not entitled to a divorce, and a decree was entered in accordance with the verdict. Subsequently, and while no suit for divorce was pending, the wife instituted a proceeding under the Civil Code (1910), § 2986 [now § 30-213], for permanent and temporary alimony for herself, and an allowance for counsel fees, alleging that she

and her husband were living in a bona fide state of separation caused by his cruel treatment towards her—the acts of cruelty alleged being the same as those set forth in her petition as grounds for divorce. On a preliminary hearing she was allowed temporary alimony and counsel fees." After stating the above facts, the court held: "The verdict and decree against the wife in the suit for divorce was no bar to the allowance of alimony to her in the statutory proceeding." The *King* case, supra, is also in point on its facts with the present case, and both decisions, having been concurred in by a full bench, are controlling on the issues made in the present case.

Whether or not the husband has a valid defense to the present action for permanent alimony must be determined from the evidence presented on a trial of the cause.

*Judgment reversed. All the Justices concur.*