### 19450. PALMER *v.* PALMER.

CANDLER, Justice. On the ground of cruel treatment, W. D. Palmer, Sr., sued his wife, Sarah H. Palmer, for divorce. By her answer, Mrs. Palmer denied that she and the plaintiff were living in a bona fide state of separation, but averred that they were married on January 30, 1949, and had continued to live together as husband and wife ever since. She also denied the acts of cruelty alleged in the petition and averred that she had committed no act which would entitle the plaintiff to a divorce. Further answering the petition, she alleged that she was entitled to substantial alimony and to an allowance for attorney's fees. She prayed that the plaintiff's petition for divorce be denied; and, pending the cause, that the court make an allowance to her for alimony and attorney's fees. She did not pray for permanent alimony. The plaintiff was ordered

to show cause on a fixed date why an allowance of temporary alimony and attorney's fees should not be made. On the interlocutory hearing, Mrs. Palmer testified that her husband's divorce suit was filed on February 25, 1956; that, after the suit was filed, she and the plaintiff continued to live together as husband and wife, occupying the same room and the same bed; and that they were still living together in the same house. The plaintiff offered no evidence in dispute of her testimony, but filed a written motion for leave to dismiss his petition without prejudice to any legal right the defendant might have to pursue the cause for any affirmative relief sought in her response. His motion was accordingly granted, but no order was passed respecting temporary alimony and attorney's fees. Mrs. Palmer excepted to the order which permitted the plaintiff to dismiss his petition and sued out a writ of error to this court. *Held:*

A plaintiff may always dismiss his action if no right of the defendant is prejudiced thereby. Code § 3-510. In this case there is no prayer for permanent alimony and a prayer for temporary alimony is not one for such affirmative relief as would preclude the plaintiff in this case from dismissing his suit for divorce. *Mason* v. *Mason,* 151 *Ga.* 468 (107 S. E. 331). If the defendant, as she contends, has a legal right to pursue the cause for an allowance of counsel fees, the terms upon which the court permitted the plaintiff to dismiss his petition certainly do not prevent her from doing so. Accordingly, the judgment complained of is not shown by the record to be erroneous.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 10, 1956—DECIDED OCTOBER 9, 1956.

*Custer & Kirbo,* for plaintiff in error.
*Robert Culpepper, Jr.,* contra.