### 20036. DAVENPORT *v.* DAVENPORT.

HAWKINS, Justice. This is the third appearance in this court of litigation between these parties. *Davenport* v. *Davenport*, 210 *Ga.* 687 (82 S. E. 2d 654) ; *Davenport* v. *Davenport*, 212 *Ga.* 545 (94 S. E. 2d 30). Within six months after the decision of this court last cited, affirming the grant of a nonsuit, the plaintiff renewed her petition for temporary and permanent alimony and attorney fees, the renewed petition alleging that the parties were living in a state of voluntary separation, the same ground alleged in the first count of the petition upon the trial of which a nonsuit was granted, and thereafter amended it by alleging that the petitioner was living separate and apart from the defendant because of his cruel treatment, which drove her from him in fear of bodily harm. To the petition as thus amended the defendant filed his plea of res judicata, which was overruled by the trial court, and to which ruling no exception was taken. The defendant then moved to strike the plaintiff's amendment upon the ground that the plaintiff, having pursued the first count of the former petition to an unsuccessful conclusion, the amendment sought to set up a separate, distinct, and inconsistent cause of action. The trial court sustained the defendant's motion to strike and dismissed the amendment, and, after hearing evidence, denied the plaintiff's prayer for temporary alimony and attorney fees. To these judgments, and to others which will be dealt with in the opinion, the plaintiff excepts. *Held:*

1. "Where in a petition for temporary alimony the wife alleged that she and her husband were living in a bona fide state of separation, it was competent afterward to amend the petition by alleging acts of cruel treatment tending to show that her absence from her husband's house and home was the result of misconduct on his part amounting to cruel treatment." *Mills* v. *Mills*, 150 *Ga.* 782 (1) (105 S. E. 357). An amendment alleging additional grounds for the granting of the same relief sought in the original petition does not set up a new cause of action. *Milton* v. *Milton*, 195 *Ga.* 130 (23 S. E. 2d 411); *Johnson* v. *Boyd*, 202 *Ga.* 531 (43 S. E. 2d 524). It was therefore error to strike the plaintiff's amendment.

2. Where, because of the failure of counsel to agree upon a brief of evidence, and the inability of the court to remember the evidence adduced upon a former hearing of the plaintiff's application for temporary alimony and attorney fees, it was not error of which the plaintiff can complain for the trial judge to order another hearing, at which time the plaintiff was afforded an opportunity to present her case as if no former hearing had been held.

3. Where the judgment of the trial court denying the plaintiff's motion for judgment against the defendant as in default for failure to respond to a notice to produce certain documentary evidence, under Code § 38-803, recites that the defendant brought in all documentary evidence required except certain specified documents, "and that sufficient oral evidence was adduced by defendant, after being sworn, as to his reasons for not having produced them," and neither the assignment of error nor the record discloses what such oral evidence was, the exception to this judgment of the trial court is insufficient to show error.

4. While, in a suit for permanent and temporary alimony, the allowance of temporary alimony and attorney fees is within the discretion of the trial judge, and usually a judgment refusing temporary alimony will not be disturbed by this court where the evidence is in conflict, where, as in this case, the testimony of the plaintiff that she was forced to separate from the defendant and leave his home because of cruel treatment inflicted upon her and threats against her life by the defendant, that he was an able-bodied man, capable of earning a living, and owned real estate valued by her at $21,000, and there was no denial by the defendant (called as an ad-

verse party for cross-examination by counsel for the plaintiff) of the charge of cruel treatment made against him by the testimony of the plaintiff, and where he testified that he had a monthly income from salary and rents of $230 and placed a value of $10,500 upon the property owned by him—it was error for the trial judge to refuse to make any allowance for temporary alimony and attorney fees. *Chapman* v. *Chapman*, 162 *Ga.* 358 (133 S. E. 875); *Walden* v. *Walden*, 169 *Ga.* 586 (151 S. E. 22); *Maxwell* v. *Maxwell*, 177 *Ga.* 483 (170 S. E. 362).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1958—DECIDED MAY 7, 1958.

*Oze R. Horton,* for plaintiff in error.
*Cecil D. Franklin, Henry A. Stewart, Sr.,* contra.