### 24579. RIDGEWAY v. RIDGEWAY.

DUCKWORTH, Chief Justice. In the husband's suit for divorce, the wife answered denying his allegations, and by way of cross action charged him with cruelty, abandonment and adultery which had driven her and the children from home, that they are living apart, and asked for alimony for herself and the minor children. The charge of the court instructed the jury that if they found against a divorce they would stop without considering alimony. A verdict in accord therewith was returned. The decree entered denied a divorce for the husband and dismissed the wife's plea for alimony for herself and the minor children. *Held:*

Under *Code* §§ 30-210, 30-211, 30-212 and 30-213, the statute law plainly provides for alimony which may be sought in the wife's suit for divorce, her suit for alimony alone, or in a suit by the husband for divorce. The wife's right can not be defeated by a failure of the husband to obtain a divorce. Appellant cites and relies upon *Camp v. Camp,* 199 Ga. 144 (33 SE2d 445). When this case was tried the law required two verdicts for divorce and alimony at different terms. When the first verdict was against a divorce the case ended as to the divorce, and it was merely held that the wife's cross claim for alimony might be continued for trial at a later term. That decision is pat authority for holding that a denial of a divorce to the husband does not terminate or render subject to dismissal the wife's application for alimony. We hold that it was error to charge as complained of and also error to dismiss the wife's cross action for alimony for herself and her children. She is entitled to a trial thereon.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 8, 1968—DECIDED APRIL 22, 1968.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*Wendell C. Lindsey,* for appellee.